Robert Lee WASHINGTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 53433.

Court of Criminal Appeals of Texas.

Dec. 15, 1976.

Jim Tatum, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge, Harris County Asst. Dist. Atty., and Edward A. Dodd, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for theft of property of the value of over two hundred dollars and under ten thousand dollars. Trial was before the court upon a plea of guilty. Punishment was assessed at three years.

In a sole ground of error, it is urged that, "Appellant, after mutual mistake on part of prosecution and defense as to facts which would materially affect the sentence to be imposed, should be allowed to withdraw plea of guilty where the recommendation made by state was to be withdrawn or ignored by the trial court, to wit: The state and the courts should be bound by recommendation whereupon defendant is induced to enter plea of guilty."

Before accepting the plea of guilty on June 16, 1975, the court admonished appellant in accordance with the requirements of Art. 26.13, V.A.C.C.P. During the course of same, the court asked appellant if he knew what punishment the State was going to recommend, and after appellant responded, "Eight years probation," the record reflects the following:

"The Court: You know I don't have to follow that recommendation don't you?

"The Defendant: Yes, sir."

At the conclusion of the presentation of the evidence, which included testimony of

appellant that he had successfully lived up to the conditions of a prior probated sentence assessed in a statutory rape conviction in 1967 and since then there had not been "any problems at all," the court found appellant guilty. The State recommended eight years probated. The court followed the desirable practice of ordering a pre-sentence report. See *Trevino v. State*, Tex.Cr. App., 519 S.W.2d 864; *Rodriguez v. State*, Tex.Cr.App., 502 S.W.2d 13.

When trial resumed on July 16, 1975, the State offered into evidence an investigation report of the Houston Police Department, which reflected that appellant had been charged with the offense of delivery of a controlled substance, diazapan, alleged to have occurred on February 21, 1975, in Harris County. The court then inquired if appellant wanted the court to take this offense into consideration in assessing punishment in the instant case. See V.T.C.A., Penal Code, Sec. 12.45.[1] Appellant and his counsel answered in the affirmative and the court stated, "You are going to have to put that in writing, if that's what you want done, Mr. Prosecutor." State's Exhibit No. 3 was then introduced into evidence, in which it was stipulated that appellant, "On Feb. 21, 1975, in Harris County, Texas, I did intentionally and knowingly possess & deliver a controlled substance (diazepan) . . . .." Said instrument, signed by appellant and approved by counsel and the court, further requested that the court consider all the facts set forth in a police report relative to such offense in determining the punishment in the instant case.

Appellant took the stand and admitted that he was guilty of the delivery of the controlled substance on February 21, 1975, but believed that such charge had been dropped because he had cooperated with the police. At the conclusion of the hearing, punishment was assessed by the court for the first time at three years for the instant offense of theft.

The record reflects a motion to withdraw plea of guilty was filed on July 15, 1975, in which appellant alleges that he "did not fully realize the possible consequences and alternatives of his plea." The docket sheet reflects that such motion was overruled on that date.

On appeal, it is urged that all parties were unaware of the pending charge against appellant and had it been known to either side it would have had a material effect upon their respective positions in plea negotiations.

Before accepting the plea of guilty, the court admonished appellant in accordance with Art. 26.13, supra, that he did not have to follow the district attorney's recommendation of eight years probated and appellant advised the court that he understood this fact. See *Cruz v. State*, Tex.Cr.App., 530 S.W.2d 817. Moreover, the prosecutor and defense counsel are without authority to bind the court to a fixed punishment or to probation by plea negotiation. *Gibson v. State*, Tex.Cr.App., 532 S.W.2d 69. When the matter of the charge of delivery of a controlled substance was brought to the court's attention, it is observed that appellant requested the court to take this offense into account in assessing punishment, thereby precluding the State from forever prosecuting the offense under Sec. 12.45, supra. As noted in *Trevino v. State*, *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, cited by appellant herein, does not stand for the proposition that the prosecutor's recommendation of probation pursuant to agreement with appellant should be binding on the

---

1. Sec. 12.45, supra, "Admission of Unadjudicated Offense," provides:

"(a) An individual may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.

(b) Before a court may take into account an admitted offense over which exclusive venue lies in another county or district, the court must obtain permission from the prosecuting attorney with jurisdiction over the offense. (c) If a court lawfully takes into account an admitted offense, prosecution is barred for that offense."

court. See *Kincaid v. State*, Tex.Cr.App., 500 S.W.2d 487.

We reject appellant's contentions that the court should have withdrawn his plea of guilty [2] and that the court should have been bound by the prosecutor's recommendation resulting from plea negotiations.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, Judge (concurring).

I agree with the majority opinion. I write only to point out that this case is distinguishable from *Gibson v. State*, 532 S.W.2d 69 (Tex.Cr.App.1976). In this case the appellant agreed to the admission of an unadjudicated offense. V.T.C.A., Penal Code, Sec. 12.45. By this action, he was put on notice that the trial judge was significantly less likely to follow the prosecutor's recommendation. Therefore, the trial judge was in no way obligated to grant the appellant's motion to withdraw his plea. See the dissenting opinion in *Gibson v. State*, at pages 76–79, to which this writer still adheres.