Michael Harold **SCHOLTES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–84–0288–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 2, 1985.

George McCall Secrest, Jr., Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Jan Krocker, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, BASS and LEVY, JJ.

## OPINION

JACK SMITH, Justice.

The appellant was convicted of delivery of a controlled substance, by a jury which assessed his punishment at 20 years confinement and an $8,000 fine. The appellant asserts, in his sole ground of error, that the trial court erred in overruling his plea in bar because jeopardy had attached in a prior plea proceeding. He contends that the jury trial now on appeal was barred by double jeopardy and that the jury trial was a nullity.

On March 20, 1984, the appellant and his attorney appeared before the trial court. During the discussion on pretrial motions, the trial court announced it was prepared to call in a jury. After a brief recess, the state moved to abandon the second and third paragraphs of the indictment, and the appellant then pled nolo contendere to the first count of the indictment. While the trial court was giving its admonishment to the appellant as to the nature of the plea, the following dialogue occurred:

THE COURT: Are you entering your plea of no contest or nolo contendere freely and voluntarily?

THE DEFENDANT: Yes.

THE COURT: You seem to hesitate. What seems to be your problem?

THE DEFENDANT: I don't feel like I'm completely guilty of the charge, and I think the whole thing could have been easily resolved if we would have talked it all out.

The trial court immediately announced that it would call in a jury panel the next morning; however, after another brief recess, the appellant again pleaded nolo contendere. The trial court once more admonished the appellant and the state offered into evidence its Exhibit "A," a waiver of constitutional rights and agreement to stip-

ulate. The words "judicial confession" were crossed out. The exhibit stated that the state made no recommendation as to punishment, but reserved the right to argue for penitentiary time up to 10 years and to oppose shock probation. It also contained the notation, "judge to read offense report prior to sentencing."

After Exhibit "A" was tendered, the court gave further admonitions and made certain inquiries of the appellant. He then made the following statement:

THE COURT: The Court finds you are of sound mind, that you have knowingly and voluntarily entered your plea of no contest. Based upon your plea and the evidence submitted, the Court now finds the offense occurred in Harris County, Texas, on July 21, 1983. I'll make no additional findings until April 13, 1984 at which time we will have sentencing.

After this announcement by the court, the state's motion to reopen was granted and the state offered into evidence its Exhibit "B," which was the police offense report involved in this case. The court made no further findings after the introduction of this evidence and recessed the case until April 13, 1984, for sentencing. On April 13, 1984, the case was reset until April 30, 1984.

On April 30, after the jury had been selected but before it was sworn, the court took a recess. During the recess, the court, in an effort to clear the record as to all events which had transpired, dictated a lengthy statement into the record and permitted defense counsel and the prosecutor to do the same.

The judge's statement consisted of a recitation of the events that occurred on March 20 and on the morning of April 30, prior to the selection of the jury in the afternoon. The court also stated as follows:

No, Sir, we are trying the case from scratch before the jury. When you came and both [sic] parties present, counsel for the state and defendant came to me this morning, said, even after a jury panel was ordered over here, was the court going to entertain the plea, and I said, "Certainly, I'll entertain the plea if you want to go on with it." Would I consider the full range of punishment. I said yes, but not to mislead in any way, I'm going to put your client in the penitentiary, at which time you elected to have a jury. That's what we have now.

Defense counsel, in his statement into the record, pointed out to the court that when the state offered its Exhibit "A" at the March 20th hearing, he had informed the court that he had struck the words "judicial confession" from the exhibit and had made certain other alterations to the exhibit. He also stated that on April 13, when the court advised him that the plea as it stood would not hold upon appeal, the prosecutor had approached him with a new and revised stipulation, but that the appellant decided he would not agree to a repleading of his case and that it would have to be done over his objection.

He also pointed out to the court that the prosecutor, outside the presence of the court, had changed the court's entry on the court's docket from a trial setting to a non-issue setting of sentencing. He further stated that the appellant was put in jeopardy at the plea hearing on March 20, and that to try him again for the same offense would amount to double jeopardy and would be contrary to the protection afforded by the constitutions of the United States and of the State of Texas.

The prosecutor's statement into the record informed the court that after a plea agreement had been reached and she had signed the plea papers, defense counsel changed the wording on the plea papers; that she was not informed of the change until after the plea was taken and until it was time to introduce the plea papers in evidence. She stated that in her opinion it was necessary for the state to reopen because there was no evidence to support the plea based on the altered instruments that had been introduced. She also stated that she and defense counsel had considered the possibility of the state introducing further evidence but that defense counsel had rep-

resented to her that he preferred a jury trial and did not wish to proceed on sentencing.

When we disregard the immaterial and irrelevant events which occurred, we find that the instant case was one in which the appellant waived a jury, agreed with the state to stipulate certain facts and to pleaded nolo contendere. However, no agreement was made as to punishment. We also find that the appellant, pursuant to such agreement, pled nolo contendere to the court; that the state presented evidence; and that the court, after finding that the offense was committed, declined to make further findings and reset the case for sentencing. We further find that when further negotiations went awry and the judge apprised defense counsel of his feelings on penitentiary time, the appellant requested a jury trial and changed his plea from nolo contendere to not guilty. A jury trial then ensued in which the appellant was found guilty of delivering a controlled substance.

█ In evaluating the appellant's claim of double jeopardy, our inquiry begins with the question of whether the defendant was ever placed in jeopardy. *Crist v. Bretz,* 437 U.S. 28, 32–33, 98 S.Ct. 2156, 2159–60, 57 L.Ed.2d 24 (1978). To state the obvious, there can be no double jeopardy unless the appellant has been previously placed in jeopardy.

Although the Supreme Court of the United States has held that in non-jury trials jeopardy attaches when the court begins to hear evidence, Texas courts have never expressly adopted this rule. *See Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975), and *Thornton v. State,* 601 S.W.2d 340, 344 n. 3 (Tex.Crim.App.1979). In *Thornton,* the Court of Criminal Appeals in a footnote supplies us with dicta as to three instances when jeopardy may attach in non-jury trials. Those instances are (1) when the defendant pleads to the indictment, (2) when the trial court begins to receive evidence, and (3) when the trial court begins to consider an agreed statement of facts in the form of a written judicial confession offered by the state.

█ Jeopardy did attach in this case because appellant pleaded to the indictment and the trial court began to receive evidence. To say that jeopardy has attached, however, is merely the beginning, not the end, of the inquiry. *Illinois v. Somerville,* 410 U.S. 458, 467, 93 S.Ct. 1066, 1072, 35 L.Ed.2d 425 (1973). "[T]he double jeopardy provision of the Fifth Amendment does not mean that every time a defendant is put to trial he is entitled to go free if the trial fails to end in a final judgment." *Durrough v. State,* 620 S.W.2d 134, 137 (Tex. Crim.App.1981), *citing Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949). Once jeopardy attaches, the defendant possesses a valued right to have his guilt or innocence determined before the first trier of fact. There is an exception to this rule when the defendant consents to a retrial or when a retrial is mandated by manifest necessity. *Torres v. State,* 614 S.W.2d 436, 441 (Tex.Crim.App. 1981). Double jeopardy does not prevent retrial when there has been a reversal for trial error as distinguished from evidentiary insufficiency. *Burks v. United States,* 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978). A third exception is when the trial court permits a defendant to withdraw his guilty plea. 22 C.J.S. *Criminal Law* sec. 248 (1961).

█ A liberal practice prevails in this state concerning the withdrawal of a guilty plea. A defendant may withdraw his guilty plea as a matter of right without assigning reason until judgment has been pronounced or the case has been taken under advisement by the court. Even where the court has taken a plea under advisement or where the court has found a defendant guilty but has not yet imposed sentence, it is within the discretion of the trial court to permit a defendant to withdraw a plea of guilty. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App.1979). In the instant case, the appellant's request for a jury and his change of his plea from "nolo contendere" to "not guilty" was

made within the time period in which the trial court had discretion to grant or deny the motion. The change of plea to "not guilty" came after the trial court had taken the plea of "nolo contendere" under advisement, but before it had ruled on the plea and before either side had indicated it was ready to close.

In the instant case, the court's action in the original plea proceeding was comparable to the granting of a mistrial on a defense motion prior to verdict. At appellant's request, the plea proceedings were stopped and a jury trial was granted. Appellant has no reasonable basis in law to complain about the trial court giving him what he asked for.

We hold that jeopardy did not bar the jury trial in the instant case. The appellant's ground of error is overruled and the judgment of the trial court is affirmed.