**Darren Lee MAYFIELD, Relator,**

v.

**The Honorable Leonard GIBLIN, Jr., Respondent.**

No. 09–90–062 CV.

Court of Appeals of Texas, Beaumont.

Aug. 30, 1990.

Rehearing Denied Sept. 18, 1990.

David Bonham, Nederland, Jim Vollers, Austin, for relator.

Tom Maness, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, for respondent.

## OPINION

BROOKSHIRE, Justice.

Petition for writs of mandamus and prohibition.

■ The trial court acted entirely correctly in the exercise of its broad and, indeed, decisive discretion which by law places in trial judges the power to accept or to reject such proffered plea bargains as in this case. Hence, the trial judge's rejection or disapproval of the said proposed plea bargain was entirely lawful. Since, in our view, the district judge acted and proceeded well within his authority and discretion, our Court would be in error if we granted the Relator's petition for writs of prohibition or mandamus. It is abundantly clear that the petition for the writ of prohibition will not lie in this Court of Appeals under this record.

At the threshold it should be clearly pointed out that in one indictment Mayfield was charged with intentionally causing the death of Fabian Johnson by shooting him with a deadly weapon, a firearm, while in the course of committing and attempting to commit aggravated robbery of Zebedee Johnson. In a separate indictment the grand jurors alleged that Mayfield while in the course of committing and attempting to commit aggravated robbery of Zebedee Johnson intentionally caused the death of Zebedee Johnson by shooting him with a deadly weapon, namely, a firearm. At a hearing on February 5, 1990, the following transpired:

THE COURT: Now, your attorney, along with the State, is going to make a recommendation in each of these cases regarding punishment. Do you understand that I'm not bound by any recommendations they make?

THE DEFENDANT: Yes, sir.

THE COURT: If I reject these plea bargain agreements, then you would have a right to withdraw your plea, and if you withdraw your plea, anything that's done

today cannot be used against you at a later trial. Do you understand that?

THE DEFENDANT: Yes, sir.

The court admonished Mr. Mayfield concerning the judicial confessions and their effects. The judicial confessions, of course, signed and sworn to by Darren Lee Mayfield, stated unequivocally that he committed each and every allegation and that he was guilty of the offenses as alleged as well as all lesser included offenses. In fact, he swore to each judicial confession. It should be noticed that the court accepted the defendant's plea at the February 5, 1990, hearing. The court then immediately announced that these cases would be reset for a pre-sentence report. The court immediately announced that there would be another hearing on February 26—"and I'll let you know if I'm going to go along with the plea bargain." The record is clear that the court did not accept the plea bargains. The trial court received a PSI report and after having reviewed that report rejected the plea bargain agreement in each of the cases. The trial court then advised the defendant that he had a right to withdraw his previous pleas. The defendant declined to withdraw his plea nor did he urge his plea at the second hearing. Again, it should be stressed that the trial court only accepted the defendant's pleas and expressly called for a PSI report. The fact that the Relator, Mayfield, stood mute at the second hearing and refused the district judge's offer to allow Mayfield to withdraw his guilty pleas does not diminish or limit the trial judge's discretion and authority and power and duty to continue forward with the timely proceedings on the capital murder indictments still pending against Mayfield.

The trial judge did not find the Relator guilty. The court below did not accept in any manner or approve in any mode the proposed plea bargains. Of course, no punishment was assessed. The Texas Code of Criminal Procedure, Article 26.13(a)(2) states: "[t]he recommendation of the prosecuting attorney as to punishment is not binding on the court." The remainder of this subsection provides in substance that the court shall inquire as to the existence of plea bargain agreements between the State and the defendant and; should the court reject any such agreement, the defendant shall be entitled to withdraw his plea of guilty or nolo contendere. The plain meaning and the reasonable construction of this statute is that the court may reject any such plea bargain agreements. The court, well within its authority and discretion, rejected the agreed recommendation by the parties to proceed on the lesser included offense of murder. Thus, necessarily, any proposed dismissal of the capital murder charge or offense was also properly and lawfully rejected and disallowed by the trial court, and the capital murder offenses are still pending against the Relator.

In *Washington v. State*, 545 S.W.2d 461, 462 (Tex.Crim.App.1976) we find this holding:

Moreover, the prosecutor and defense counsel are without authority to bind the court to a fixed punishment or to probation by plea negotiation. *Gibson v. State*, Tex.Cr.App., 532 S.W.2d 69.

The Court of Criminal Appeals held in *State ex rel. Bryan v. McDonald*, 662 S.W.2d 5, 9 (Tex.Crim.App.1984) as follows:

Of course, the trial court remains free in every or any case to refuse to allow plea bargaining or to reject a particular plea bargain entered into by the State and defense. See *Morano v. State*, 572 S.W.2d 550 (Tex.Cr.App.1978); *Cruz v. State*, 530 S.W.2d 817, 819 (Tex.Cr.App. 1975); Art. 26.13, V.A.C.C.P.

Hence, the district judge was exercising his lawful authority and discretion. Thus, the court rejected and vitiated any implied or express motion by the State to effect a dismissal of the capital murder allegations in the pending indictments. Hence, the capital murder offenses and charges are thus still viable and legally pending. TEX. CODE CRIM.PROC.ANN. Art. 32.02 (Vernon 1989), entitled "Dismissal by state's attorney". That article specifically provides that no case shall be dismissed without the consent of the presiding judge. Article 26.14 mandatorily provides that where a defendant in a felony persists in

pleading guilty and if the punishment is not absolutely fixed by law, a jury shall be empaneled to assess the punishment. Evidence may be heard to enable the jury to decide upon the punishment unless the defendant actually waives his right to trial by a jury. However, in a capital murder case, the Relator cannot waive a jury. Hence, Article 26.14 mandates and requires that a jury shall be empaneled to assess the punishment. See TEX. CODE CRIM.PROC. ANN. Art. 1.14 (Vernon Supp.1990), entitled "Waiver of rights".

The Relator can, of course, still at this point withdraw his pleas of guilty. If later on the Relator still stands mute and refuses to answer when asked by the trial court what his plea will be, then the trial court will enter a plea of "not guilty" on behalf of the accused. TEX. CODE CRIM.PROC. ANN. Arts. 26.11, 26.12.

■ It seems abundantly clear that the trial judge has broad discretion and ample authority as pointed out above. He has this discretion and authority both by statutory enactments and decisional precedents. Hence, the writ of mandamus will not properly lie and, indeed, cannot issue to subvert the exercise of his judicial discretion, power and authority. In order for the Relator to be entitled to the extraordinary relief that he seeks, the Relator must establish two necessary prerequisites: that he has no other adequate remedy at law available; and very importantly, that the act sought to be compelled is an act that is purely ministerial in nature and the act is not a discretionary one or a judicial one in nature. *State ex rel. Curry v. Gray,* 726 S.W.2d 125 (Tex.Crim.App.1987). Furthermore, for a judge's act to be purely ministerial, the act must be pursuant to a duty that is clearly fixed and required by law and the duty must be unequivocal, unconditional and without discretion. If the act sought is one of discretion or judicial judgment, then it is not a ministerial act. See *State ex rel. Wade v. Mays,* 689 S.W.2d 893 (Tex.Crim.App.1985); *Homan v. Hughes,* 708 S.W.2d 449 (Tex.Crim.App.1986). Of course, deciding how to rule after considering a motion to dismiss, which involves

discretion, is not a ministerial act. *Wade, supra.*

Furthermore, we think that the law is well-established that the Relator here must show absolutely no impediment to the doing of the act that he seeks to force and compel upon the trial judge and the Relator must additionally show that he has an absolute right to the extraordinary writ sought. But the statutory law above referred to gives the power and authority to the trial court to reject the plea bargain agreements. Hence, there is a big impediment facing and adverse to the Relator. Thus, the Relator is faced with an insurmountable impediment and, therefore, he cannot compel the trial judge to act as Relator requests. Relator has failed to show that he has an absolute right to the extraordinary writ he seeks. Extraordinary relief as requested here will not issue unless the very act or result sought by the Relator is manifestly and clearly ministerial and there is no judicial power or discretionary authority involved whatsoever. Hence, extraordinary writs directing a public official, here a district judge, to perform a duty exacted by law will not issue to enforce a duty that is to any degree discretionary. Also, a showing must be clearly made that for the judge to do other than that which is sought by the Relator *would be a clear violation of the judge's official duty.* How can it be said that Judge Giblin is violating his duty when the statute provides Giblin may approve or reject the plea bargains?

Then it becomes a necessary, logical, corollary to the above that if there is any reason or basis which could justify the action of the court below a writ of mandamus simply cannot issue. Again, that is the exact situation before us.

It must be stressed that continuing proceedings are in effect. Judge Giblin has, of course, subject to this mandamus proceeding, set a hearing in the future; thus, the lawful rejection below of the proffered plea bargains to permit Relator to plead guilty to the lesser included offenses clearly evidences that the capital murder offenses were not in any wise "dismissed". The district court proceedings have not

been brought to a terminal end by any action of the district judge.

■ We conclude that no action taken below would trigger or implicate the double jeopardy doctrine. No interest or right of the Relator supposedly protected by the double jeopardy concept is violated by an ongoing or continuing prosecution of the capital murder charges. Even a trial court's acceptance of a guilty plea to a lesser included offense does not result in a bar to a prosecution for the greater offense. *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).

Logically, we hold that there was no interest or right belonging to the Relator that is protected by the Double Jeopardy Clause that would come into play by a continuing and ongoing prosecution of the capital murder indictments. Texas has had no opportunity to marshall its evidence and resources more than once—not even once at this point in time—nor has Texas honed its presentation and advocacy of its cause of action through a meaningful trial. Even the district judge's acceptance of the guilty plea—without more—to the lesser offense is devoid of any of the implications of an implied acquittal which only results *from a trial and verdict convicting an accused of a lesser included offense rendered by a jury or fact-finder being charged to consider and weigh both the greater and the lesser included offenses. Ohio v. Johnson, supra.*

But it is abundantly clear from the record before us that there exists none of the government's or prosecution's overreaching or oppression that the Double Jeopardy protection is meant to prevent. Under this record the State is entitled to present the more serious offenses to finders of fact. See *Kham v. State*, 689 S.W.2d 324 (Tex.App.—Fort Worth 1985, pet. ref'd).

It is significant and expressive that the dissent would conditionally grant the writ of mandamus, directing the trial court to either *enter a judgment of acquittal* or a judgment of guilt with whatever sentence the trial court deems appropriate. This closing paragraph in the dissent glaringly spells out the extremely broad discretion of the trial court which even the dissent fully recognizes. For the reason that this acknowledged, extremely broad discretion reposes in the trial court, then it becomes imperative that the writ of mandamus be denied.

WRIT OF MANDAMUS IS DENIED.

WALKER, Chief Justice, concurring.

I concur only in the result reached by Justice Brookshire. As I understand Relator's requests as well as the status of the law, I feel that our initial order granting Relator's leave to file his Writ of Mandamus was improvidently granted. His motion for leave to file a Writ of Prohibition was denied. In his petition, Relator's prayer states:

Relator respectfully requests this Honorable Court to issue its writs of prohibition prohibiting Respondent from proceeding with the capital murder charges against Relator, and to issue its writ of mandamus commanding Respondent to proceed to judgment upon Relator's pleas of guilty to the offenses of murder contained as lesser included offenses in the indictments pending against him, commanding Respondent to enter a judgment of acquittal because Respondent wrongfully terminated the murder charges after jeopardy attached, or in the alternative, commanding Respondent to proceed to judgment and sentence upon Relator's pleas of guilty to the offense of murder in each of the above enumerated causes.

The remedies of mandamus or prohibition are drastic ones, to be invoked *only* in extraordinary circumstances. See *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725, 732 (1976). Furthermore, mandamus issues only to correct a clear abuse of discretion or violation of a duty imposed by law when there is no other adequate remedy at law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985), citing *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984).

The record reflects that at the February 26, 1990 hearing in which Respondent re-

jected the plea bargain agreement in each of the cases, the Respondent reset the cases for "a 28.01 hearing" on March 26, 1990. Later, Respondent states that he is unsure as to when a trial date would be. The last sentence Respondent utters at this hearing is, "Mr. Mayfield, we will have you back before the Court on March 26th for the pretrial hearing and we will pick a trial date at that time." It seems glaringly obvious to me in examining the February 26 hearing that the Respondent was not through acting on relator's cases. Justice Burgess, in his opinion, appears to recognize this as he states, "Under this record, we cannot determine if the trial court intended to sua sponte terminate the murder trial, thereby possibly requiring the entry of an acquittal, [citation omitted], or if the judge intended only to suspend or delay the entry of a judgment of guilt." It further appears to me that these various options left open to the Respondent involve the exercise of discretion or judgment, and are far from mere ministerial acts or procedures. See, *Tex. Dept. of Corrections v. Dalehite*, 623 S.W.2d 420 (Tex.Crim.App. 1981).

Relator cites this court to *Perkins v. Court of Appeals*, 738 S.W.2d 276 (Tex. Crim.App.1987) to support his contention that we have mandamus jurisdiction concurrent with that of the Court of Criminal Appeals and the Texas Supreme Court. *Perkins*, however, stands for much more than this jurisdictional proposition. The circumstances with regard to the plea proceedings were remarkably similar to those involving relator. The one distinguishing difference in *Perkins* was that the trial court found the defendant guilty at the first hearing with the trial court further stating, "it [was] possible that [he] would go lower than—that, [that he might] give [Le] something less than 25 years in view of [his, Le's] testimony, in view of the letter that you've submitted to the Court and all of the evidence in this case. It's a possibility that [I] would do less than 25 [but I am] not [now] really sure how much that would be." *Perkins, supra* at 279. Two weeks later the hearing reconvened for sentencing at which time the trial court

informed the defendant that the trial court would "not accept the 25 years that I'd previously *assessed* in this case." (emphasis mine). *Perkins, supra* at 280. It would appear from the language it used that the trial court was under the impression that a completed adjudication had taken place at the first hearing. The defendant was then allowed to withdraw his plea, but only under great protest by his counsel. The Court of Criminal Appeals decided that:

> [O]nce Relator accepted Le's plea of guilty and *approved the plea bargain agreement,* under our law, he clearly was without any authority or power to do other than specifically enforce the agreement, except that he could have assessed a lesser punishment than the agreed upon maximum "cap" on the punishment that would ultimately be assessed. (emphasis mine). *Perkins, supra,* at 283.

In the instant case, Relator was not found guilty by Respondent at the February 5, 1990 plea proceeding. Furthermore, Respondent did not formally approve any plea bargain agreement. In fact, during the oral admonishments, Respondent stated, "Now, your attorney, along with the State, is going to make a recommendation in each of these cases regarding punishment. *Do you understand that I'm not bound by any recommendations they make?"* (emphasis mine). The Relator responded, "Yes, sir." It is readily admitted that some ambiguity arises when Respondent states at the close of the oral admonishments, "The Court will accept the judicial confession and accept the defendant's plea." However, the Respondent closes with the following:

> The Court: Each of these cases will be reset for a PSI report for February 26th. Any questions at all you want to ask me, Mr. Mayfield?
>
> The Defendant: No, sir.
>
> The Court: All right. We'll see you back on February 26th, and *I'll let you know if I'm going to go along with the plea bargain.* Go with the deputy." (emphasis mine).

Relator nor his attorney objected or made any comment with regard to the conditional language which Respondent used to characterize the just-concluded plea proceedings. Because of the open-endedness of Respondent's statement, I feel a significant difference exists between the proceedings in the instant case and those described in *Perkins*. In no sense of the word could it be said that Respondent considered the first hearing a completed adjudication of the Relator. As such, I find *Perkins* to be inapplicable to the instant case, and further find no abuse of discretion nor violation of any duty imposed by law on the part of Respondent. Any opinion directing Respondent to act or proceed in a particular form or fashion is premature by my reading of the record and the law of mandamus. It was improvident to grant Relator leave to file his petition for a Writ of Mandamus. His petition should, therefore, be denied.

BURGESS, Justice, dissenting.

I respectfully dissent to the denial of the writ of mandamus and the concurring writer's conclusion that the initial order granting leave to file was improvidently granted.

The majority opinion fails to mention that two documents, "Written Plea Admonishments" [Appendix 1] and "Agreed Punishment Recommendations" [Appendix 2][1], had apparently been executed prior to the Court going on the record [a verbatim transcript is at Appendix 3]. As evidenced by the documents and the comments of the judge, the state elected to proceed on the lesser included offense of murder in each case. The judge then informed Mayfield that he was charged with murder in each case. The judge then gave the usual admonishments. Mayfield's attorney then offered a psychiatric report in evidence and it was admitted as Defendant's exhibit number 1. The court then admitted State's exhibit number 1, the "Written Plea Admonishments", in evidence. The judge then inquired about Mayfield's signed judicial confession and then stated: "The Court

will accept the judicial confession and accept the defendant's plea."

Later, the parties reconvened and the judge stated: "The Court previously accepted the defendant's plea in each of these cause numbers and ordered a PSI report. The Court having reviewed that report is going to reject the plea bargain agreement in each of these cases." [a verbatim transcript is at Appendix 4]. The judge then asked Mayfield if he wanted to withdraw his plea. Mayfield's attorney stated that Mayfield was standing mute. The court acknowledged that Mayfield refused to withdraw his plea and stated: "The case will be reset for a 28.01 hearing for March 26". Thereafter, Mayfield's attorney filed a "Motion to Proceed to Judgment and Sentencing" which was denied.

Mayfield's initial position is that the state elected to dismiss the capital murder prosecutions, this was approved by the Court, thereafter a trial, albeit a guilty plea, began on the murder charges with jeopardy attaching, the trial was terminated over Mayfield's objections and through no fault of his own, and he is now entitled to an acquittal. Mayfield's alternative position is the judge, having accepted the guilty plea to murder, and Mayfield refusing to withdraw the plea, must now proceed to find him guilty, assess a sentence and enter judgment.

The state's position, adopted by one member of the majority, is that the trial judge has complete discretion over the entire plea bargain scheme, i.e. both the reduction and the punishment recommendation, thus could reject it at the point he did with no jeopardy bar and still proceed with the capital murder prosecution.

I believe the capital murder portions of the indictments were dismissed. TEX. CODE CRIM.PROC.ANN. art. 32.02, (Vernon 1989) authorizes the state, with permission of the court, to dismiss a charge, provided the motion is in writing, setting out the reasons. Case law, however, allows both actions, the motion and the court's consent, to be oral. *Yeagin v. State*, 400

---

1. The indictments were filed under Cause Numbers 53700 and 53701. The documents from

No. 53700 are attached as appendices. Identical documents were filed in No. 53701.

S.W.2d 914 (Tex.Crim.App.1966). Likewise, it is permissible for the state to abandon or dismiss portions of an indictment. When this is approved by the court, it is effective. *Johnson v. State*, 436 S.W.2d 906 (Tex.Crim.App.1968). There is no doubt the state moved to dismiss or abandon that portion of the indictments that made the murder a capital offense and elected to proceed on the lesser included offense. The question is whether the court consented to the action. I would hold that he did. To hold otherwise is to defy logic. The "Written Plea Admonishments", signed by the judge, state: "You [Mayfield] are charged with the felony offense of: murder." The judge, in his comments, tells Mayfield: "Therefore, you're charged with the offense of murder." The judge signed and approved Mayfield's waiver of trial by jury. Since *Ex parte Dowden*, 580 S.W.2d 364 (Tex.Crim.App.1979) the rule has been that a jury cannot be waived in a capital case. While there is no written, explicit approval by the court, the judge's actions and comments reflect an implied approval. There is simply no way, in law, that the judge could have proceeded without approving the state's election. Thus, by proceeding with the murder allegations, he impliedly approved the state's election. Consequently, there were no longer any capital murder indictments pending. *See Garcia v. Dial*, 596 S.W.2d 524 (Tex.Crim. App.1980).

Having approved the state's election, the court proceeded with the remaining murder allegations. A further inquiry is whether jeopardy attached to this proceeding. Although one court of appeals has held that under our state constitution, jeopardy attaches in a bench trial when the defendant enters his plea, *State v. Torres*, 780 S.W.2d 513 (Tex.App.—Corpus Christi 1989, pet. granted), the conventional wisdom is that jeopardy attaches when the first witness is sworn or the trial court begins to receive evidence. *Hill v. State*, 730 S.W.2d 86 (Tex.App.—Dallas 1987, no pet.); *Scholtes v. State*, 691 S.W.2d 84 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd); *Allen v.*

*State*, 656 S.W.2d 592 (Tex.App.—Austin 1983, no pet.). *See also United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265, 274 (1975) and *United States v. Stricklin*, 591 F.2d 1112, 1120 (5th Cir.), *cert. denied*, 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979). The court of criminal appeals has never issued a definitive statement on the matter although they did state in *Thornton v. State*, 601 S.W.2d 340, 344 (Tex.Crim.App. 1979) (overruled on other grounds): "And while it is true that an accused is not entitled to have his plea accepted, [citation omitted], once he tenders it and the State proceeds to prosecute on that basis, clearly jeopardy has attached." The Fifth Circuit, however, in *Fransaw v. Lynaugh*, 810 F.2d 518 (5th Cir.), *cert. denied*, 483 U.S. 1008, 107 S.Ct. 3237, 97 L.Ed.2d 742 (1987) stated: "In a plea bargaining context, the rule in this Circuit with respect to the offense pleaded to is that '[j]eopardy attaches with the acceptance of a guilty plea'". 810 F.2d at 523. Under any of the generally accepted rules, jeopardy attached to the murder prosecutions since (1) the pleas were made, (2) the state presented evidence and (3) the pleas were accepted.

The election having been approved and jeopardy having attached, the plea bargain concerning punishment was squarely before the court. The judge was not obligated to follow the punishment recommendations and, in fact, said he would not. The options, however, then went to Mayfield. Mayfield could have withdrawn his plea or, as he did, persist in his plea without any agreed recommendation. If he had withdrawn his plea there would have certainly been no jeopardy bar to a prosecution for murder and perhaps no jeopardy bar to a prosecution for capital murder. *See Fransaw*, 810 F.2d at 524. Since he has not withdrawn his plea the trial court must proceed to judgment. Under this record, I cannot unequivocally determine if the trial court intended to *sua sponte* terminate the murder trial, thereby possibly requiring the

entry of an acquittal, *see Schaffer v. State,* 649 S.W.2d 637 (Tex.Crim.App.1983)[2], or if the judge intended only to suspend or delay the entry of a judgment of guilt.

Consequently, I would conditionally grant the writ of mandamus directing the trial court to either enter a judgment of acquittal or a judgment of guilt with whatever sentence the trial court deems appropriate.

**2.** Admittedly it seems unlikely that a "28.01 hearing" or pre-trial hearing is necessary or appropriate in the middle of a bench trial.

Therefore it would appear the judge was contemplating a jury trial on the capital murder charges.

## APPENDIX 1

### Written Plea Admonishments
### 252nd District Court
### Jefferson County, Texas

NO: _____53700_____ Date: ____February 5, 1990_____

To: ___DARREN LEE MAYFIELD_____ **Defendant**

**Pursuant to Art. 26.13 C.C.P., You are hereby admonished in writing;**

1. You are charged with the felony offense of: MURDER

_____

2. If convicted, you face the following range of punishment:

[X] **FIRST DEGREE FELONY:** a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000.

[ ] **SECOND DEGREE FELONY:** a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000.

[ ] **THIRD DEGREE FELONY:** a term of not more than 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice or up to 1 year in a Community Correctional Facility; and in addition, a fine not to exceed $10,000.

[ ] **HABITUAL OFFENDER:** a term of life or any term of not more than 99 years or less than 25 years in the Institutional Division of the Texas Department of Criminal Justice.

[ ] **FIRST DEGREE ENHANCED:** A term of life or any term of not more than 99 years or less than 15 years in the Institutional Division of the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000.

[ ] Other:_____

_____

3. **Plea Bargains:** If no plea bargain exists, the recommendation of the prosecuting attorney is not binding on the Court. If a plea bargain does exist, the Court will inform you whether it will follow the agreement in open court and before any finding on your plea. Should the court reject the agreement, you will be permitted to withdraw your plea if you desire.

4. **Permission to Appeal:** If the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the court must give its permission to you before you can prosecute an appeal on any matter in the case except for matters raised by written motion filed prior to trial.

5. **Citizenship:** If you are not a citizen of the United States of America, a plea of Guilty or nolo contendere for this offense may result in deportation, the exclusion from admission to the country, or the denial of naturalization under federal law.

6. **Deferred Adjudication:** If the Court defers adjudicating your guilt and places you on probation, on violation of any imposed condition, you may be arrested and detained as provided by the law. You will then be entitled to a hearing limited to the determination by the court of whether to proceed with an adjudication of guilt on the original charge. No

APPENDIX 1—Continued

appeal may be taken from this determination. After adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation and your right to appeal continue as if adjudication of guilt had not been deferred.

_____
PRESIDING JUDGE

**Comes** now the defendant, joined by my counsel, and state that I understand the foregoing admonishments from the Court and am aware of the consequences of my plea. I further state that I am mentally competent and that my plea is freely and voluntarily entered. If counsel is appointed, I give up and waive any right I may have to wait to prepare for trial. I am totally satisfied with representation given to me by my counsel. He provided fully effective and competent representation. I also waive and give up under **Art. 1.14 C.C.P.** all rights given to me by law, whether of form, substance or procedure. Joined by my attorney, I waive and give up my right to a jury in this case under **Art. 1.13 C.C.P.** Also joined by my attorney under **Art. 1.15 C.C.P.**, I waive and give up the right to appearance, confrontation and cross-examination of the witnesses and I consent to oral and written stipulations of evidence.

.JUDICIAL CONFESSION:

**I further state that I have read the indictment or information filed in this case and that I committed each and every allegation it contains. I am guilty of the offense alleged as well as all lesser included offenses.** I swear to all of the foregoing and I further swear that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

_____
DEFENDANT

Sworn to and subscribed to before me on this date: _2-5-90_ . I further certify that the fingerprint shown below and on the judgment or probation order filed in this case is of the defendant's index finger of his right hand.

_____
DEP. DIST. CLERK, JEFFERSON COUNTY, TEXAS

We join and approve the waiver of jury trial pursuant to **Art. 1.13 C.C.P.** and the stipulations of evidence pursuant to **Art. 1.15 C.C.P.** In addition, the Court finds as a fact that the Defendant is fully competent and that his plea is freely and voluntarily entered.

_____
COUNSEL FOR DEFENDANT

_____
PROSECUTOR

_____
PRESIDING JUDGE

FOR RECORD
10:30

FEB 5 1990

JOHN S. APPLEMAN, CLERK,
District Courts of Jefferson County, Texas
By_____

STATE'S EX. # 1

RIGHT INDEX

APPENDIX 2

## Agreed Punishment Recommendations
## 252nd District Court
## Jefferson County, Texas

No. 53700                                 Date: February 5, 1990

Defendant: DARREN LEE MAYFIELD

Offense: MURDER

**It is mutually agreed and recommended by the parties:**

[ ] Prosecution to proceed only on Count(s): _____

[X] Prosecution for lesser included offense of: MURDER

---

[ ] Class A. Misdemeanor punishment with Third Degree Felony Conviction under Sec. 12.44 P.C.

[ ] Deferred Adjudication

[ ] A Fine of $_____

[X] Punishment assessed at:
   LIFE _____ years in the Institutional Division
   _____ years/months/days in the Jefferson Co. Jail
   $_____ fine

[ ] After conviction, Probation be granted of the term assessed as punishment.

[ ] Jail term to be served by:

   [ ] electronic monitoring          [ ] Community service

   [ ] Jail Work release              [ ] Off Work/Weekends

[X] Other Punishment recommendations: cause to run consecutively
   with cause no. 53701

**NOTE:** The parties are not allowed to make binding agreements regarding the length of probation supervision or the terms and conditions of probation. However, non-binding recommendations will be considered as follows:

[ ] Shock Probation              [ ] Boot Camp Alt. Incarceration Program

[ ] Restitution Center           [ ] Detention for a term of _____ days

[ ] Community Service            [ ] Substance abuse treatment facility

[ ] Electronic Monitoring        [ ] Community Corrections Facility

---

_Affirmative finding of Deadly Weapon_

_Darren Lee Mayfield_
**Defendant**

**Counsel for Defendant**

**Prosecutor**

FILED FOR RECORD
at 10:30 o'clock a M

FEB 5 1990

JOHN S. APPLEMAN, CLERK,
District Court of Jefferson County, Texas

By _____ Dep.

APPENDIX 3

THE COURT: CAUSE NO. 53700 AND 53701, THE STATE OF TEXAS VERSUS DARREN LEE MAYFIELD. LET THE RECORD REFLECT THE DEFENDANT IS PRESENT, ALONG WITH HIS ATTORNEY, MR. BONHAM. THE STATE IS REPRESENTED BY MR. MIDDLETON.

WILL HE WAIVE THE FORMAL READING OF THE INDICTMENT?

MR. BONHAM: HE WILL, YOUR HONOR.

THE COURT: MR. MAYFIELD, IN CAUSE NO. 53701 THE STATE OF TEXAS ELECTED TO PROCEED ON THE LESSER INCLUDED OFFENSE OF THIS INDICTMENT. THEREFORE, YOU'RE CHARGED WITH THE OFFENSE OF MURDER. THE OFFENSE DATE IS AUGUST 22ND, 1989, IN JEFFERSON COUNTY, TEXAS, THE MURDER BEING COMMITTED WITH A DEADLY WEAPON. DO YOU PLEAD GUILTY OR NOT GUILTY?

THE DEFENDANT: GUILTY.

THE COURT: YOUR CORRECT NAME IS DARREN LEE MAYFIELD?

THE DEFENDANT: YES, SIR.

THE COURT: IN CAUSE NO. 53700 THE STATE OF TEXAS ELECTED TO PROCEED ON THE LESSER INCLUDED OFFENSE OF THIS INDICTMENT. THEREFORE, YOU'RE CHARGED WITH THE OFFENSE OF MURDER, AGAIN USING

AND EXHIBITING A DEADLY WEAPON. THE OFFENSE DATE IS AUGUST 22ND, 1989, IN JEFFERSON COUNTY, TEXAS. DO YOU PLEAD GUILTY OR NOT GUILTY?

THE DEFENDANT: GUILTY.

THE COURT: MR. MAYFIELD, UNDER OUR LAW, EACH OF THESE OFFENSES ARE CLASSIFIED AS FIRST DEGREE FELONIES, WHICH MEANS THAT THE POSSIBLE PUNISHMENT YOU CAN RECEIVE IN EACH CASE IS FROM FIVE YEARS TO 99 YEARS OR LIFE IN THE PENITENTIARY AND, IN ADDITION, A FINE OF UP TO $10,000. DO YOU UNDERSTAND THE PUNISHMENT RANGE?

THE DEFENDANT: YES, SIR.

THE COURT: SPEAK UP SO I CAN HEAR YOU, NOW.

THE DEFENDANT: YES, SIR.

THE COURT: NOW, YOUR ATTORNEY, ALONG WITH THE STATE, IS GOING TO MAKE A RECOMMENDATION IN EACH OF THESE CASES REGARDING PUNISHMENT. DO YOU UNDERSTAND THAT I'M NOT BOUND BY ANY RECOMMENDATIONS THEY MAKE?

THE DEFENDANT: YES, SIR.

THE COURT: IF I REJECT THESE PLEA BARGAIN AGREEMENTS, THEN YOU WOULD HAVE A RIGHT TO WITHDRAW YOUR PLEA, AND IF YOU WITHDRAW YOUR PLEA, ANYTHING THAT'S DONE TODAY CANNOT BE USED AGAINST

YOU AT A LATER TRIAL. DO YOU UNDERSTAND THAT?

THE DEFENDANT: YES, SIR.

THE COURT: ON THE OTHER HAND, IF I FOLLOW EACH OF THESE PLEA BARGAIN AGREEMENTS, YOU CANNOT APPEAL EITHER ONE OF THESE CASES WITHOUT MY PERMISSION. DO YOU UNDERSTAND THAT?

THE DEFENDANT: YES, SIR.

THE COURT: IN CAUSE NO. 53701 THE RECOMMENDATION IS THAT I MAKE AN AFFIRMATIVE FINDING THAT A DEADLY WEAPON WAS USED AND ASSESS YOUR PUNISHMENT AT CONFINEMENT IN THE PENITENTIARY FOR A TERM OF 99 YEARS. DO YOU AGREE WITH THAT RECOMMENDATION?

THE DEFENDANT: YES, SIR.

THE COURT: IN CAUSE NO. 53700 THE RECOMMENDATION IS THAT I MAKE AN AFFIRMATIVE FINDING THAT A DEADLY WEAPON WAS USED AND ASSESS YOUR PUNISHMENT AT CONFINEMENT IN THE PENITENTIARY FOR LIFE AND THEN STACK THE LIFE ON TOP OF THE 99 YEARS. DO YOU AGREE WITH THAT RECOMMENDATION?

THE DEFENDANT: YES, SIR.

THE COURT: ANY EVIDENCE THAT HE'S INCOMPETENT TO STAND TRIAL?

MR. BONHAM: THERE IS NOT, YOUR HONOR. WITH THAT REGARD, I WOULD TENDER INTO EVIDENCE

DEFENDANT'S EXHIBIT NO. 1, WHICH IS A PSYCHIATRIC REPORT PREPARED BY DR. EDWARD GRIPON. IT HAS BEEN PREVIOUSLY TENDERED TO THE STATE OF TEXAS PRIOR TO THIS TIME.

MR. MIDDLETON: NO OBJECTION.

THE COURT: THERE BEING NO OBJECTION, DEFENDANT'S 1 IS ADMITTED. ANY OTHER EVIDENCE THAT HE'S INCOMPETENT?

MR. BONHAM: NOT ON THAT ISSUE, YOUR HONOR.

THE COURT: MR. MAYFIELD, IN EACH OF THESE CASES ARE YOU PLEADING GUILTY FREELY, VOLUNTARILY, AND BECAUSE YOU ARE, IN FACT, GUILTY?

THE DEFENDANT: YES, SIR.

THE COURT: ALSO, BY PLEADING GUILTY, IF YOU'RE NOT A CITIZEN OF THIS COUNTRY, YOU RUN THE RISK OF BEING DEPORTED OR EITHER EXCLUDED ADMISSION TO THE UNITED STATES OR DENIED NATURALIZATION. DO YOU UNDERSTAND THAT?

THE DEFENDANT: YES, SIR.

THE COURT: THE STATE HAS TENDERED NO. 1 IN EACH CAUSE NUMBER.

MR. BONHAM: NO OBJECTION.

THE COURT: STATE'S NO. 1 IN EACH CAUSE NUMBER IS ADMITTED.

8

MR. MAYFIELD, STATE'S EXHIBIT NO. 1 IN EACH OF THESE CASES CONTAINS, AMONG OTHER THINGS, A JUDICIAL CONFESSION. BY MAKING THIS JUDICIAL CONFESSION, THAT ALONE IS SUFFICIENT FOR THE COURT TO FIND YOU GUILTY WITHOUT ANY OTHER EVIDENCE OR TESTIMONY. DO YOU UNDERSTAND THAT?

THE DEFENDANT: YES, SIR.

THE COURT: DO YOU UNDERSTAND EVERYTHING ELSE YOU'VE SIGNED HERE TODAY?

THE DEFENDANT: YES, SIR.

THE COURT: HAVE YOU READ EACH ONE OF THESE INDICTMENTS, AND HAS YOUR ATTORNEY EXPLAINED THEM TO YOU?

THE DEFENDANT: YES, SIR.

THE COURT: IS EVERYTHING THAT'S IN EACH OF THESE INDICTMENTS -- THAT'S THE LESSER INCLUDED OFFENSE OF MURDER INVOLVING A DEADLY WEAPON -- IS ALL THAT TRUE AND CORRECT?

THE DEFENDANT: YES, SIR.

THE COURT: THE COURT WILL ACCEPT THE JUDICIAL CONFESSION AND ACCEPT THE DEFENDANT'S PLEA.

ANYTHING ELSE YOU WANT TO PUT IN THE RECORD?

MR. MIDDLETON: NO, YOUR HONOR.

THE COURT: EACH OF THESE CASES WILL BE

RESET FOR A PSI REPORT FOR FEBRUARY 26TH.

ANY QUESTIONS AT ALL YOU WANT TO ASK ME, MR. MAYFIELD?

THE DEFENDANT:  NO, SIR.

THE COURT:  ALL RIGHT.  WE'LL SEE YOU BACK ON FEBRUARY 26TH, AND I'LL LET YOU KNOW IF I'M GOING TO GO ALONG WITH THE PLEA BARGAIN.  GO WITH THE DEPUTY.

(WHEREUPON THE PLEAS WERE CONCLUDED.)

## APPENDIX 4

On February 26, 1990, the aforestyled and numbered causes of action, 53,700 and 53,701, State of Texas vs. Darron Mayfield, came on for hearing before the Honorable Leonard J. Giblin, Jr., Judge, 252nd Criminal District Court of Jefferson County, Texas, in connection with sentencing of the defendant.

The State appeared by and through Mr. Jim *Middleton* and *Mr.* Paul McWilliams, Assistant District Attorney, Beaumont, Texas.

The Defendant appeared in person and by and through Mr. David Bonham, Attorney at Law, Nederland, Texas.

All parties being present before the Court, the following proceedings were had:

THE COURT: Cause Nos. 53,700 and 53,701, State of Texas vs. Darron Mayfield.

Let the record reflect in Cause Nos. 53,-700 and 53,701, the Defendant is present along with his attorney, Mr. Bonham.

The Court previously accepted the defendant's plea in each of these cause numbers and ordered a PSI report. The Court having reviewed that report is going to reject the plea bargain agreement in each of these cases.

Mr. Mayfield, I have rejected the plea bargain agreement in each of these cases. The law provides you have a right at this time to withdraw your plea. Do you wish to withdraw your plea at this time?

MR. BONHAM: The defendant stands mute, Your Honor.

THE COURT: Let the record reflect that the defendant has refused to withdraw his plea. The case will be reset for a 28.01 hearing for March 26.

MR. BONHAM: Your Honor, for the point of the record, the Court has indicated that the defendant refuses to withdraw his plea. And I reiterate for the record, the defendant does not respond to the Court's inquiry. If the Court wishes to make a judicial finding or withdraw his plea for him, then of course, that would be the judgment of the Court.

THE COURT: I don't think I can withdraw it for him. I think he is the only one that can do it.

MR. BONHAM: He is not withdrawing his plea, nor is he urging his plea at this time.

THE COURT: All right. I will make the record so indicate.

Thirty days will give you some time to file some motions and stuff.

MR. BONHAM: Yes, sir.

THE COURT: I am not sure when the trial date would be. We already have a case set in the fall, a capital murder. After we have our pretrial hearings we will look at our calendars and see if we can come up with some dates.

Mr. Mayfield, we will have you back before the Court on March 26th for the pretrial hearing and we will pick a trial date at that time.

(Hearing Concluded)

