NO. 07-03-0173-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 30, 2003

_____

IN RE ALFRED LEE STONE, RELATOR

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**[1]

By this original proceeding, relator Alfred Lee Stone, an inmate proceeding *pro se* and *in forma pauperis*, presents one issue alleging "cruel and unusual punishment," in one petition seeking a writ of mandamus, a writ of prohibition, and a writ of habeas corpus. By his request for a writ of mandamus, relator seeks to compel the judge of the 47th District Court of Potter County to mandamus the Potter County District Attorney to provide him access to public records. By his request for a writ of prohibition, relator alleges the trial court failed to comply with the requirements of article 11.07 of the Texas Code of Criminal Procedure regarding his request for a writ of habeas corpus and prays that this Court

_____

[1]Tex. R. App. P. 47.2(a).

release him from confinement to prevent further cruel and unusual punishment. Under applicable principles of law, the request for a writ of mandamus is denied and the request for a writ of habeas corpus is dismissed for want of jurisdiction.

A writ of prohibition directs a lower court to refrain from doing some act while a writ of mandamus commands a lower court to do some act. In re Lambert, 993 S.W.2d 123, 126 (Tex.App.–San Antonio 1999, orig. proceeding), citing Tilton v. Marshall, 925 S.W.2d 672, 676 n.4 (Tex. 1996). Both writs are drastic remedies to be invoked only in extraordinary circumstances. Mayfield v. Giblin, 795 S.W.2d 852, 856 (Tex.App.–Beaumont 1990, orig. proceeding), citing Kerr v. United States District Court, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

In determining the specific nature of the extraordinary relief sought, we are not bound by the nomenclature of pleadings; rather, we look to the substance of the pleadings, including the prayers and the record before us. White v. Reiter, 640 S.W.2d 586, 593 (Tex.Cr.App. 1982). Substantively, by his application for a writ of prohibition and writ of mandamus, relator requests that we direct the judge of the 47th District Court to mandamus the Potter County District Attorney to provide him access to public records, and because the trial court failed to comply with article 11.07 of the Code of Criminal Procedure, that we order his release from confinement. Included in an appendix to his pleadings relator has attached copies of pleadings and motions directed to the 47th District Court of Potter County, to-wit: "Motion for Judgment on the Pleading," "Application For

2

Writ of Mandamus," and "Motion to Obtain Open Records." Relator does not seek to prohibit the judge of the 47th District Court to refrain from performing a particular act. Thus, we consider this portion of relator's request to be a petition for writ of mandamus.

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law available. Republican Party v. Dietz, 940 S.W.2d 86, 88 (Tex. 1997). The three requisites to a mandamus are (1) a legal duty to perform a nondiscretionary act; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).

When a motion is properly filed and pending before a trial court, the act of considering and ruling upon that motion is a ministerial act. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding), citing Eli Lilly and Co. v. Marshall, 829 S.W.2d 157 (Tex. 1992) (orig. proceeding). The party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to extraordinary relief. *Walker*, 827 S.W.2d at 840; Ex parte Bates, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding). Relator has not provided a record nor any file-stamped pleadings demonstrating that the trial court had knowledge of the pleadings and motions he alleges he filed, nor is there anything before us to show that the trial court

3

has refused to act. Even a *pro se* applicant seeking a writ of mandamus must show himself entitled to extraordinary relief. Ex parte Benavides, 801 S.W.2d 535, 537 (Tex.App.–Houston [1st Dist.] 1990, writ dism'd w.o.j.). Relator has failed to do so. Thus, his request for a writ of mandamus is denied.

By his third request for relief, relator asks that this Court issue a writ of habeas corpus directing the trial court to release him from illegal confinement. Article 11.05 of the Texas Code of Criminal Procedure Annotated (Vernon 1977) lists the courts which are authorized to issue a writ of habeas corpus. Absent from that list are the courts of appeals. Greenville v. State, 798 S.W.2d 361, 362 (Tex.App.--Beaumont 1990, no pet.). This Court's habeas corpus jurisdiction in criminal matters is appellate only. Denby v. State, 627 S.W.2d 435 (Tex.App.--Houston [1st Dist.] 1981, orig. proceeding), *cert. denied*, 462 U.S. 1110, 103 S.Ct. 2461, 77 L.Ed.2d 1338 (1983). Thus, we have no jurisdiction to entertain relator's request for a writ of habeas corpus.

Accordingly, the request for a writ of mandamus is denied and the application for a writ of habeas corpus is dismissed for want of jurisdiction.

Don H. Reavis
Justice