NO. 07-03-0173-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 30, 2003



______________________________




IN RE ALFRED LEE STONE, RELATOR



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION (1)


 By this original proceeding, relator Alfred Lee Stone, an inmate proceeding pro se
and in forma pauperis, presents one issue alleging "cruel and unusual punishment," in one
petition seeking a writ of mandamus, a writ of prohibition, and a writ of habeas corpus. By
his request for a writ of mandamus, relator seeks to compel the judge of the 47th District
Court of Potter County to mandamus the Potter County District Attorney to provide him
access to public records. By his request for a writ of prohibition, relator alleges the trial
court failed to comply with the requirements of article 11.07 of the Texas Code of Criminal
Procedure regarding his request for a writ of habeas corpus and prays that this Court
release him from confinement to prevent further cruel and unusual punishment. Under
applicable principles of law, the request for a writ of mandamus is denied and the request
for a writ of habeas corpus is dismissed for want of jurisdiction.

 A writ of prohibition directs a lower court to refrain from doing some act while a writ
of mandamus commands a lower court to do some act. In re Lambert, 993 S.W.2d 123,
126 (Tex.App.-San Antonio 1999, orig. proceeding), citing Tilton v. Marshall, 925 S.W.2d
672, 676 n.4 (Tex. 1996). Both writs are drastic remedies to be invoked only in
extraordinary circumstances. Mayfield v. Giblin, 795 S.W.2d 852, 856
(Tex.App.-Beaumont 1990, orig. proceeding), citing Kerr v. United States District Court,
426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

 In determining the specific nature of the extraordinary relief sought, we are not
bound by the nomenclature of pleadings; rather, we look to the substance of the pleadings,
including the prayers and the record before us. White v. Reiter, 640 S.W.2d 586, 593
(Tex.Cr.App. 1982). Substantively, by his application for a writ of prohibition and writ of
mandamus, relator requests that we direct the judge of the 47th District Court to
mandamus the Potter County District Attorney to provide him access to public records, and
because the trial court failed to comply with article 11.07 of the Code of Criminal
Procedure, that we order his release from confinement. Included in an appendix to his
pleadings relator has attached copies of pleadings and motions directed to the 47th District
Court of Potter County, to-wit: "Motion for Judgment on the Pleading," "Application For
Writ of Mandamus," and "Motion to Obtain Open Records." Relator does not seek to
prohibit the judge of the 47th District Court to refrain from performing a particular act. 
Thus, we consider this portion of relator's request to be a petition for writ of mandamus.

 Mandamus is an extraordinary remedy available only in limited circumstances
involving manifest and urgent necessity and not for grievances that may be addressed by
other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Mandamus will
issue only to correct a clear abuse of discretion or the violation of a duty imposed by law
when there is no adequate remedy at law available. Republican Party v. Dietz, 940
S.W.2d 86, 88 (Tex. 1997). The three requisites to a mandamus are (1) a legal duty to
perform a nondiscretionary act; (2) a demand for performance; and (3) a refusal to act. 
Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). 

 When a motion is properly filed and pending before a trial court, the act of
considering and ruling upon that motion is a ministerial act. Barnes v. State, 832 S.W.2d
424, 426 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding), citing Eli Lilly and Co. v.
Marshall, 829 S.W.2d 157 (Tex. 1992) (orig. proceeding). The party requesting
mandamus relief has the burden to provide us with a record sufficient to establish his right
to extraordinary relief. Walker, 827 S.W.2d at 840; Ex parte Bates, 65 S.W.3d 133, 135
(Tex.App.-Amarillo 2001, orig. proceeding). Relator has not provided a record nor any
file-stamped pleadings demonstrating that the trial court had knowledge of the pleadings
and motions he alleges he filed, nor is there anything before us to show that the trial court
has refused to act. Even a pro se applicant seeking a writ of mandamus must show
himself entitled to extraordinary relief. Ex parte Benavides, 801 S.W.2d 535, 537
(Tex.App.-Houston [1st Dist.] 1990, writ dism'd w.o.j.). Relator has failed to do so. Thus,
his request for a writ of mandamus is denied.

 By his third request for relief, relator asks that this Court issue a writ of habeas
corpus directing the trial court to release him from illegal confinement. Article 11.05 of the
Texas Code of Criminal Procedure Annotated (Vernon 1977) lists the courts which are
authorized to issue a writ of habeas corpus. Absent from that list are the courts of
appeals. Greenville v. State, 798 S.W.2d 361, 362 (Tex.App.--Beaumont 1990, no pet.). 
This Court's habeas corpus jurisdiction in criminal matters is appellate only. Denby v.
State, 627 S.W.2d 435 (Tex.App.--Houston [1st Dist.] 1981, orig. proceeding), cert. denied,
462 U.S. 1110, 103 S.Ct. 2461, 77 L.Ed.2d 1338 (1983). Thus, we have no jurisdiction to
entertain relator's request for a writ of habeas corpus.

 Accordingly, the request for a writ of mandamus is denied and the application for
a writ of habeas corpus is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice

1. Tex. R. App. P. 47.2(a).