**Ex parte Dan William LEWIS, Relator.**

**No. 07–83–0337–CV.**

Court of Appeals of Texas, Amarillo.

Dec. 23, 1983.

Dan William Lewis, pro se.

**154**

Randall Sherrod, Dist. Atty., Canyon, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This is an original habeas corpus proceeding. Relator Dan William Lewis was convicted of the felony offense of theft, Tex. Penal Code Ann. § 31.03 (Vernon Supp. 1982), and sentenced to ten years in the penitentiary. The conviction was affirmed by this Court in an unpublished opinion, *Dan William Lewis v. State,* No. 07–82–0259–CR (Tex.App.—Amarillo, Aug. 19, 1983), and his petition for discretionary review is pending before the Court of Criminal Appeals. He is presently incarcerated in the Randall County Jail as a result of the conviction. By this proceeding, he contends he is being restrained because of various errors and improprieties related to his conviction and he seeks release from jail by writ of habeas corpus. We dismiss the petition for lack of jurisdiction.

 The Court of Appeals is required to determine its own jurisdiction in each case. That jurisdiction is established by various constitutional and statutory provisions, *see, e.g.,* Tex. Const. art. 5, § 6; Tex. Rev.Civ.Stat.Ann. arts. 1819, 1823, 1824, 1824a (Vernon 1964, Vernon Supp.1982); Tex.Code Crim.Proc.Ann. art. 4.03 (Vernon Supp.1982), and is not unlimited or absolute. *Gibbs v. Melton,* 354 S.W.2d 426 (Tex.Civ. App.—Dallas 1962, no writ). Prior to 1969, the predecessor of this Court, the Court of Civil Appeals, had no jurisdiction to issue writs of habeas corpus as an original matter. *Crofts v. Court of Civil Appeals,* 362 S.W.2d 101, 105 (Tex.1962). In 1969, the legislature enacted Tex.Rev.Civ.Stat.Ann. art. 1824a (Vernon Supp.1982) granting the Court of Civil Appeals the authority to issue original writs of habeas corpus in certain limited situations related to divorce, custody and support. The statute was amended in 1981 to apply to the Court of Appeals. The extremely limited original habeas corpus jurisdiction granted by art. 1824a cannot be construed to encompass matters not specifically covered by the statute. *Ex parte Sarao,* 583 S.W.2d 438 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ); *Ex parte Rutherford,* 556 S.W.2d 853 (Tex.Civ.App.—San Antonio 1977, no writ).

Thus, Relator's attempt to secure a writ of habeas corpus from this court must fail. We do not have original jurisdiction to grant the writ in a criminal law matter or in any other case not specified in article 1824a.

The petition for writ of habeas corpus is dismissed for lack of jurisdiction.