James Edward
**GREENVILLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–89–220 CR.**

Court of Appeals of Texas,
Beaumont.

Sept. 19, 1990.

Jon L. Anderson, Lufkin, for appellant.

Gerald Goodwin, Dist. Atty., Lufkin, for State.

## OPINION

WALKER, Chief Justice.

The record before this Court reflects that on August 22, 1989, the Honorable David Walker presided over a hearing conducted in the 159th District Court of Angelina County, Texas. The hearing was held in

order for Judge Walker to consider a Writ of Habeas Corpus previously filed by the appellant. Appellant was present and represented by counsel at the hearing. An assistant district attorney appeared on behalf of the State. Evidence was heard and appellant's writ was denied on all grounds with the exception that Judge Walker did grant appellant's request to set bail on two pending felony charges for which appellant had been arrested and for which appellant was confined. At the conclusion of the hearing on August 22, 1989, appellant filed an instrument entitled "Notice of Appeal." This notice states, in pertinent part:

Comes now James Edward Greenville, Appellant, in Cause No. 12,536–A, on this 22nd day of August, 1989, and files in duplicate this, his Notice of Appeal of and from the judgment rendered this day in the above numbered cause by the 159th Judicial District Court of Angelina County, Texas, to the Ninth Judicial District Court of Appeals in Beaumont, Texas.

The notice appears to have been filed pro se as only appellant's signature appears at its conclusion. It was offered and filed by appellant in cause number 12,536–A, the cause number assigned to the habeas corpus proceeding.

■ Appellant's Brief on appeal begins with the following language:

"TO THE HONORABLE COURT OF APPEALS:

Appellant, Jerry Edward Greenville, Defendant in Cause No. 12,536, in the 217th Judicial District Court of Texas, David V. Wilson presiding, respectfully submits this Brief for the purposes of appealing his revocation of probation and sentence of ten years in the Texas Department of Corrections." The record reflects that the "revocation" appellant refers to in his brief occurred on March 10, *1986*. On that day, the trial court proceeded with adjudication, found appellant guilty, and sentenced appellant to ten (10) years in the Texas Department of Corrections. The revocation order was signed on March 11, 1986. Appellant filed a notice of appeal on March 26,

1986. On November 9, 1988, this Ninth Court of Appeals issued an order dismissing appellant's appeal for want of jurisdiction. Essentially, the order stated that since appellant was sentenced in open court on March 10, 1986, and did not file his notice of appeal until March 26, 1986, and since no motion for new trial was filed, and since former article 44.08(b) and (c) of the TEX.CODE CRIM.P. required that notice of appeal be filed within fifteen (15) days after the date sentence is imposed or suspended in open court, then this Court lacked jurisdiction to entertain appellant's appeal. Appellant's brief in the instant case seems to completely disregard our order of November 9, 1988 and attempts to recomplain about the adjudication proceeding of March 10, 1986. Appellant's Notice of Appeal in the instant case, however, refers only to Judge Walker's order denying appellant relief in the habeas corpus action. With every intent to give full force and effect to our order of November 9, 1988, we regard the instant case as an appeal solely from Judge David Walker's denial of appellant's Writ of Habeas Corpus.

■ Having placed this appeal in its proper context, we now examine appellant's points of error. In brief, appellant's three points of error complain of trial court error during his *adjudication* proceeding of March 10, 1986. Specifically, appellant complains of sufficiency of the evidence, a variance in the State's pleadings and proof, and trial court jurisdiction. In carefully examining the statement of facts from the August 22, 1989 Habeas Corpus hearing, we find none of these three complaints raised before Judge Walker. Neither did appellant raise such grounds in his petition for habeas corpus relief. Appellant has, therefore, presented us with nothing for review. TEX.R.APP.PROC. 52(a). As for our ability to rule on issues raised to us for the first time via habeas corpus, TEX. CODE CRIM.PROC.ANN. art. 11.05 specifically omits the various Texas Courts of Appeals from the list of courts empowered to issue or grant a writ of habeas corpus. Our jurisdiction, therefore, is strictly appellate, and to rule upon issues raised to us

for the first time would place us in the position of exercising *original* jurisdiction, a position that art. 11.05 indicates we do not have. Furthermore, the Court of Criminal Appeals, in *Ex Parte Russell*, 720 S.W.2d 477, 487 (Tex.Crim.App.1986), stated, "It is well established that in habeas corpus proceedings the burden of proof is upon the applicant and includes the burden of proving his factual allegations." See *Ex Parte Salinas*, 660 S.W.2d 97 (Tex.Crim. App.1983); *Ex Parte McWilliams*, 634 S.W.2d 815 (Tex.Crim.App.1982), cert. den. 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602; *Ex Parte Alexander*, 598 S.W.2d 308 (Tex.Crim.App.1980); *Ex Parte Sanders*, 588 S.W.2d 383 (Tex.Crim.App.1979). Since we are without original jurisdiction to consider the complaints appellant raises in his brief but not raised in the habeas corpus hearing below, appellant presents us with nothing for review. Therefore, the judgment of the trial court is affirmed.

AFFIRMED.

BROOKSHIRE, Justice, concurring.

The Appellant's brief states that this is an appeal from a district court order revoking Appellant's probation and sentencing him to ten years in the State Department of Corrections. The Appellant presents briefs, argues and cites authorities for three points of error. Point one in substance is that the district court erred in finding the Appellant in violation of probation and adjudicating his guilt because there was no evidence or insufficient evidence to support such a finding. Point two argues that the district court erred in finding Appellant in violation of probation and adjudicating his guilt because the proof at the revocation hearing varied in a significant manner from the State's allegations in the State's motion to proceed with adjudication of guilt; and therefore, denied the Appellant fair notice of the State's allegations. The third and last point of error is that the 217th Judicial District Court erred in revoking Appellant's probation because that district court was not the sentencing court. Therefore, jurisdiction was lacking. This concurrence is an endeavor to follow the Texas Rules of Appellate Procedure,

especially Rule 90 concerning written opinions. It attempts to address the issues raised by the Appellant.

The record contains a number of volumes of statements of facts. The dates of the various hearings appear to be March 10, 1986; September 8, 1986; September 10, 1986; and August 22, 1989. Greenville has not asked that any of these matters or statements of facts be stricken. In fact, they all bear the same appellate number in the Ninth Court, being 09–89–220 CR.

The Appellant vigorously contends that the 217th Judicial District Court of Angelina County lacked jurisdiction to revoke his probation. I cannot be in agreement with that contention since the district judges of Angelina County can sit for each other. Well-established precedent exists for the authority and power of district judges to sit for each other and especially to exchange benches. *See and compare Davila v. State*, 651 S.W.2d 797 (Tex.Crim.App.1983). In my view, the presiding judge of the 159th Judicial District Court of Angelina County placed the Appellant on probation while the judge of the 217th Judicial District Court, sitting for his brother jurist, found the Appellant in violation of probation. In my opinion, this action was entirely lawful and correct.

The Court of Criminal Appeals in writing upon a like issue has acknowledged the existence of constitutional and statutory bases for the authority of district judges to exchange benches. *Davila, supra.* Article V, section 11 of the Texas Constitution, as well as former Article 199a, section 2.002, of the Texas Revised Civil Statutes, authorizes Judge David Walker and Judge David Wilson to sit for one another. The former article has been reenacted as section 24.303 of the Texas Government Code. In my opinion, it is not necessary for a formal order or assignment to be entered, nor is it required that a docket sheet entry be made or that the minutes of the court reflect the reason for the exchange of the benches.

In my view, the record before us—which has not been stricken in any manner—dem-

onstrates that on April 1, 1977, the judge of the 159th Judicial District Court of Texas and the judge of the 217th Judicial District Court of Texas entered into a formal, written agreement to exchange benches. This was done for the purpose of dispatching business, both civil and criminal, in each of the said judicial districts. Pursuant to that formal, recorded agreement, Judge David Walker of the 159th Judicial District Court of Texas shall preside and try all kinds of cases, civil and criminal, in the 217th Judicial District Court of Angelina County, Texas; and Judge David Wilson of the 217th Judicial District Court of Texas shall preside and try all kinds of cases, civil and criminal, in the 159th Judicial District Court of Texas.

Judge David Walker and Judge David Wilson have carefully and expressly followed the constitutional mandate by their written order and agreement. In addition, there is certainly statutory authority for their action.

Importantly, then, the Court of Criminal Appeals held in *Davila, supra,* that there was no necessity that a formal order be entered for the judge of one district court to preside over a case in the place and stead of a duly elected judge; neither is it necessary for the docket sheet or the minutes to spell out the reasons therefore. *See Pendleton v. State,* 434 S.W.2d 694 (Tex.Crim.App.1968).

I conclude that the *Davila* case is controlling and is definitely contrary to the Appellant's position and contentions that Judge David Wilson lacked jurisdiction. Judge Wilson was sitting for Judge Walker in Walker's district. I would affirmatively hold that Judge Wilson, sitting for Judge Walker in the 159th Judicial District Court, and as presiding judge thereof, had full jurisdiction to revoke Appellant's probation. It is significant and interesting, at least to me, to spell out that the several statements of facts in this instant appeal are before the Court. No effort has been made to strike any part of the several statements of facts.

The Appellant certainly contends in his brief that the district court below erred in revoking the probation and adjudicating his guilt because there was simply no evidence at all or insufficient evidence to support such an action.

Again, the Appellant argues and presents a clear ground of error to the effect that there was no evidence or insufficient evidence to show a violation of his conditions and terms of probation. The Appellant was indicted for attempted murder. He pleaded guilty pursuant to a plea bargaining procedure. The formal adjudication of guilt was deferred. Appellant was placed on ten years probation. A fine of $1,000 was assessed.

About two months later, the State filed a petition or application to obtain an adjudication of his guilt, along with a revocation of his probation. Timely and shortly later, the district court heard evidence and adjudicated his guilt formally and pronounced a revocation of the probation. Appellant was sentenced to ten years confinement.

Appellant filed a motion for shock probation which was granted. After serving the shock probation, Appellant was still on "regular" probation, in my view. In my opinion, the record reflects that the Appellant had filed a notice of appeal in March of 1986. This appeal was not perfected.

By September of 1986, Appellant was charged with arson. Pursuant to a clearly understood agreement, Appellant withdrew his notice of appeal, the State having agreed to dismiss the arson offense. In my view, the record reflects that in open court Appellant, under oath, agreed to dismiss his appeal in exchange for the arson indictment being dropped.

Our Ninth Court of Appeals issued its Order of Dismissal of the attempted appeal on November 9, 1988, by a written order. The mandate timely and subsequently followed.

In August of 1989, the State filed an amended application for the revocation of probation. The State alleged four criminal violations and two occasions of failure to report. The State additionally alleged several other violations, including a number of

failures to make payments on Appellant's probation fees and other costs.

At a separate hearing, as I interpret the record, the Appellant conceded that his prior agreement to dismiss his appeal was correctly and validly based upon his thorough and knowledgeable understanding that he would obtain a dismissal of the serious arson indictment. In my opinion, the State kept its part of this bargain, but apparently the Appellant tried not to keep his agreement. One of the Appellant's major contentions, in my view, is definitely that the revocation of his probation is on a previous appeal and the previous appeal is still pending in this Court of Appeals. I would disagree. In my view, I think that the Appellant's point of error based on no evidence or insufficient evidence to support the revocation of his probation should be faced and overruled. I vote to overrule Appellant's contentions that no evidence or insufficient evidence exists to revoke his probation.

In my opinion, the Appellant's attempted appeal from the revocation order was properly dismissed. I conclude that the Appellant had a valid and binding *quid pro quo* as a consideration and as a motivation for his intelligently and knowingly dismissing his first, attempted appeal. It now appears, however, that he is reversing his position. Perhaps the statute of limitation on the arson charge has fully run. The basic thrust and gravamen of the Appellant's two initial points of error are collateral attacks on our Ninth Court of Appeals' previous action. His appeal and position, then, based on his first two points of error, are now untimely, late and improper.

The Appellant filed a motion for rehearing of our previous Order of Dismissal. This was overruled. Appellant then filed in the Court of Criminal Appeals a motion for extension of time in which to file his petition for discretionary review. However, our records clearly reflect that at no time did the Appellant ever file a petition for discretionary review. Obviously, he simply abandoned his petition for discretionary review. Hence, in my view, on this additional basis the Appellant's first two points of error amount to a collateral attack on the Ninth Court's previous Order which properly dismissed Appellant's previous appeal.

I am constrained to disagree with the Appellant's arguments that the State had failed to prove its theory in its application to adjudicate guilt. These matters should have been raised and necessarily must have been raised when the Appellant attempted his first appeal. I perceive that any attempt to bring these matters *now before this Court* is both untimely, late, improper, and contrary to the Texas Rules of Appellate Procedure.

Regardless of Appellant's present contention in this present appeal, under the rules of post-trial and appellate procedure in criminal matters which were then in effect, the Appellant should have pursued in a proper and timely fashion his petition for discretionary review. This he failed to do. Hence, our Order of Dismissal and Mandate became final and became the law of the case. As I view the record, the Appellant admitted that he did not follow through on the filing of his anticipated petition for discretionary review.

However, he does state that at some point in time he requested the 217th District Court to again appoint free counsel for him to aid in the preparation of his petition for discretionary review. Appellant blames that district court for failing to reply to his request. Then the Appellant testified that he requested the Court of Criminal Appeals to order the district court by mandamus to provide him counsel in the Court of Criminal Appeals. Appellant stated that the staff counsel for the Court of Criminal Appeals sent him a letter quoting the law to the effect that there existed no right to have an appointed attorney at that stage of the appeal before the Court of Criminal Appeals. Then, Appellant unequivocally admitted that he never obtained a petition for discretionary review and so he did not file a petition for discretionary review.

This concurring opinion has attempted to address the issues and points of error raised by the Appellant. TEX.R.APP.P. 90. An acceptable motivation for concur-

rence is that it appears that the Appellant has a writ of habeas corpus filed in a United States District Court. Apparently, this federal writ of habeas corpus is set for hearing sometime in the future. It would seem that this concurrence would show, as far as it can, that the Appellant has exhausted his State remedies and that all of his points of error have been addressed, thereby placing him in a more favorable position to urge the federal writ of habeas corpus.