NO. 07-02-0148-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 10, 2002

_____

EX PARTE DARRICK MARCIANO KIZZEE, RELATOR

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

By this original proceeding, relator Darrick Marciano Kizzee, proceeding *pro se* and *in forma pauperis*, has filed a petition for writ of habeas corpus. We dismiss the petition for want of jurisdiction.

This Court is obligated to determine, *sua sponte*, its jurisdiction in each case. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994, writ denied). That jurisdiction is established by various constitutional and statutory provisions. *See*, *e.g.*, Tex. Const. art. 5, § 6; Tex. Gov't Code Ann. § 22.220 (Vernon 1988); Ex Parte Lewis, 663 S.W.2d 153, 154 (Tex.App.--Amarillo 1983, no pet.).

Article 11.05 of the Texas Code of Criminal Procedure Annotated (Vernon 1977) lists the courts which are authorized to issue a writ of habeas corpus.  Absent from that list are the courts of appeals.  Greenville v. State, 798 S.W.2d 361, 362 (Tex.App.--Beaumont 1990, no pet.).  This Court's habeas corpus jurisdiction in criminal matters is appellate only.  Denby v. State, 627 S.W.2d 435 (Tex.App.--Houston [1st Dist.] 1981, original proceeding), *cert. denied*, 462 U.S. 1110, 103 S.Ct. 2461, 77 L.Ed.2d 1338 (1983).  Moreover, relator's petition is directed to the 181st District Court of Potter County, Texas.

Accordingly, the petition for writ of habeas corpus is dismissed for want of jurisdiction.

Don H. Reavis
Justice

Do not publish.