NO. 12-02-00079-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




EMERSON SANATIO EVANS,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS







MEMORANDUM OPINION (1)


 This appeal is being dismissed for want of jurisdiction because Appellant has failed, after
notice, to supplement the clerk's record with an appealable order. Rule 26.1 of the Texas Rules of
Appellate Procedure 26.2(a)(2) provides that where, as here, a motion for new trial is not filed, a
notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open
court, or after the day trial court enters an appealable order. Tex. R. App. P. 26.2(a)(2). Appellant
appeals from the trial court's order amending terms and conditions of his probation. In its order, the
trial court required Appellant to serve three months in an Intermediate Sanction Facility. 

 The courts of appeals are required to determine their own jurisdiction in every case. Ex parte
Lewis, 663 S.W.2d 153, 154 (Tex. App.- Amarillo 1983, no pet.). We have been unable to locate
any authority permitting an appeal from an order amending the terms and conditions of probation,
including one that requires a defendant to serve time in an Intermediate Sanction Facility. Thus, on
March 18, 2002, pursuant to Tex. R. App. P. 37.2 and 44.3, Appellant was notified that the
information received by the court did not contain an appealable order and given until April 1, 2002
to supplement the information showing the jurisdiction of the court. Appellant was further notified
that his failure to timely supplement the information would result in the dismissal of this appeal.

 As of April 18, 2002, Appellant has neither supplemented the record nor otherwise
adequately responded to this court's notice. Because no order demonstrating that Appellant has
properly invoked this court's jurisdiction is contained in the information provided to this court, we
dismiss the appeal for want of jurisdiction. See Tex. R. App. P. 26.2, 42.3, and 44.3. 


Per Curiam 


Delivered April 25, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

















(DO NOT PUBLISH)
1. See Tex. R. App. P. 47.1