NO. 07-02-0364-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 27, 2002


______________________________



ROBERT SCHEIDT
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 99,705-2; HON. PAMELA C. SIRMON, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Appellant Robert Scheidt (Scheidt) filed a notice of appeal in this court from his
conviction of two traffic violations in the Amarillo Municipal Court, Potter County, Texas. 
The Potter County Court at Law previously dismissed Scheidt's appeal of those convictions
for want of jurisdiction. After perfecting his appeal, Scheidt filed various documents with
this court illustrating that he was attempting to appeal the Amarillo Municipal Court
judgment directly to this court as opposed to appealing the dismissal by the Potter County
Court at Law. So, we directed him by letter dated October 29, 2002, to tell us in writing
why the pending appeal should not be dismissed for want of jurisdiction.

 In his response, Scheidt failed to clarify whether the appeal is one directly from the
Amarillo Municipal Court or the Potter County Court at Law. Instead, he represents that
he perfected his appeal to this court in accordance with the law and should we attempt to
remand the proceeding to the county court at law, he will "exhaust remedy in the State
courts to have the appeal heard by a competent judiciary" because he "has no intention
of submitting himself repeatedly to the abuses imposed on him by the courts below. . . ." 
So too does he castigate this body for "ignoring" his motions to 1) recuse the judge of the
county court at law from a proceeding that does not pend before her and 2) to order that
same judge to show cause why she should not be held in contempt.

 A court of appeals only has the jurisdiction provided to it by law. Ex parte Lewis,
663 S.W.2d 153, 154 (Tex. App.--Amarillo 1983, no writ) (holding that the jurisdiction of
the Court of Appeals is established by various constitutional and statutory provisions). 
Pursuant to statute, the appellate courts for the Amarillo Municipal Court of record are the
county courts at law in Potter and Randall Counties. Tex. Gov't Code Ann. §30.00931
(Vernon Supp. 2002). No authority grants us the right to hear a direct appeal from a
conviction by the Amarillo Municipal Court. Therefore, to the extent that Scheidt is
attempting to appeal directly to us from that court, his appeal is dismissed for want of
jurisdiction. To the extent that Scheidt is challenging the dismissal of his appeal by the
Potter County Court at Law for want of jurisdiction, we have jurisdiction of that matter. 

 Also pending before us are two motions of Scheidt. Through the first, he asks that
we recuse the Potter County Court at Law judge, and, through the second, that we hold the
same judge in contempt for purportedly violating our abatement order of September 12,
2002. Scheidt provides no legal authority to support his proposition that an appellate court 
may order the recusal of a county court at law judge through a proceeding other than
mandamus. Nor have we found any authority that enables us to recuse a trial judge from
a case that does not pend before her. Consequently, the motion to recuse is overruled.

 Regarding the motion to show cause, we reviewed the record of the proceeding held
by the county court at law per our abatement order. The transcript of the abatement
hearing illustrates that the trial court held the hearing as directed, even though Scheidt
refused to participate and actually left the proceeding. On the other hand, nothing appears
of record from which one could reasonably infer that our abatement order was violated by
the county court at law. Nor does Scheidt assert (other than by a general, factually absent
conclusion) what the trial court should have done but failed to do to avoid purportedly
violating our abatement order. Accordingly, we deny that motion as well.

 Finally, we admonish Scheidt to comply with the rules of appellate procedure in
prosecuting this appeal. See Kindley v. State, 879 S.W.2d 261, 264 (Tex. App.--Houston
[14th Dist.] 1994, no pet.) (holding that individuals acting pro se on appeal must comply with
the applicable rules of appellate procedure). Furthermore, we recognize that advocates
of a position must advocate their position zealously. Yet, briefs, motions, or other
documents tendered to this court which contain slanderous, deceitful, disrespectful,
factually baseless, or uncivil comments or accusations or which are of such tone will be
struck and returned. And, the continuation of such conduct will result in the implementation
of other appropriate sanctions, including the dismissal of the appeal. 


 Per Curiam


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann.
§75.002(a)(1) (Vernon Supp. 2002). 



the defendant is guilty, he is guilty
only of the lesser offense. Id. Each definition of a lesser-included offense in CCP art.
37.09 is stated with reference to "the offense charged," and specifically states the manner
in which the lesser-included offense differs from the offense charged. See Bell v. State,
693 S.W.2d 434, 438 (Tex.Crim.App. 1985). Thus, in considering appellant's issues, we
must consider the offense as charged by the language of the indictment and compare the
charged offense with the statutory elements of the lesser-included offenses which
appellant alleges should have been charged. Id. at 438, n.8; Sanders v. State, 664
S.W.2d 705, 708 (Tex.Crim.App. 1982) (op. on rehr'g.) 

ISSUE ONE: RESISTING ARREST

 Appellant's first issue urges that the offense of resisting arrest was a lesser-included offense. Proof of the offense of resisting arrest requires proof that a person
intentionally prevented or obstructed a person he knew to be a peace officer or someone
acting in the presence and at the direction of a peace officer from effecting an arrest by
using force against the officer or another. See Tex. Pen. Code Ann. § 38.03(a) (Vernon
1994); (3) see Lewis v. State, 30 S.W.3d 510, 512 (Tex.App.--Amarillo 2000, no pet.). 

 Proof that a defendant resisted arrest must include proof that the defendant used
force against the officer in question. See id. The charge against appellant as set out in
the indictment did not require proof that appellant used force against Tyra. The charge
against appellant required proof of a threat of imminent bodily injury toward Tyra (assault)
and the use or exhibition of a firearm during the commission of the threat. Proving that
appellant resisted arrest would have required additional proof of the actual use of force
against Tyra or another officer. Id. Thus, resisting arrest was not a lesser-included charge
under any subsection of CCP art. 37.09, and the trial court did not commit error in refusing
to charge the jury on resisting arrest. Appellant's first issue is overruled. 


ISSUE TWO: DEADLY CONDUCT

 Appellant's second issue asserts that the offense of deadly conduct was a lesser-
included offense. A person commits the offense of deadly conduct if he recklessly
engages in conduct that places another in imminent danger of serious bodily injury. See
PC § 22.05. When the offense as charged in the indictment of appellant is compared to
the elements of deadly conduct, however, it is apparent that proof of the offense with which
appellant was charged did not require proof that appellant engaged in conduct which
placed Tyra in imminent danger of serious bodily injury. Appellant's threat to blow Tyra's
head off did not require proof that Tyra was placed in imminent danger of serious bodily
harm, even if the proof might have been sufficient for a finding that he was in such danger. 
Nor did proof that appellant exhibited a firearm while making the threat require proof that
Tyra was in imminent danger of serious bodily injury. 

 Appellant relies on the case of Bell v. State in arguing that deadly conduct is a
lesser-included offense of aggravated assault. See Bell, 693 S.W.2d at 438-39. However,
the facts of appellant's case distinguish it from Bell. In Bell, the Court of Criminal Appeals
held that deadly conduct was a lesser-included offense of aggravated assault. Id. In so
holding, however, the court specifically stated that whether one offense bears such a
relationship to the charged offense so as to constitute a lesser-included offense is an issue
which must be determined on a case-by-case basis. Id. at 436. According to the court:

 A given section of the Penal Code may define more than one way in which
an offense can be committed. An allegation that an offense has been
committed in one way may include a lesser offense, while an allegation that
the offense was committed in another way would not include the lesser
offense. 


Id. 

 In Bell, the indictment alleged that the defendant: ". . . did then and there knowingly
and intentionally use a deadly weapon, to wit: a firearm, and did then and there threaten
George Smith with imminent bodily injury by the use of said deadly weapon." Id. 
Comparing the elements of the offense as charged in the indictment to the elements of
deadly conduct, the court found that the precise issue is "whether proof of threatening
another with imminent bodily injury by using a deadly weapon constitutes proof that the
actor engaged in conduct that placed another in imminent danger of serious bodily injury." 
Id. at 438 (emphasis in original). The court further stated that:

 Patently, threatening another with imminent bodily injury is engaging in
conduct. When that threat is accomplished by the use of a deadly weapon,
by definition the victim is "exposed" to the deadly character of the weapon
and the inherent risk of serious bodily injury. The danger of serious bodily
injury is necessarily established when a deadly weapon is used in the
commission of an offense. It follows, therefore, that proof of threatening
another with imminent bodily injury by the use of a deadly weapon
constitutes proof of engaging in conduct that places another in imminent
danger of serious bodily injury. 


Id. at 438-39 (emphasis in original). Thus, the court held that, because in this particular
case the statutory elements of deadly conduct would be established by proof of the same
facts required to establish the commission of the offense as charged in the indictment, the
offense of deadly conduct was a lesser-included offense of aggravated assault by use of
a deadly weapon. Id. at 439.

 In appellant's case, however, the indictment reads differently than the language
used in the indictment that was central to the Bell court's disposition of that case. 
Whereas the indictment in Bell charged the defendant in that case with committing the
offense of aggravated assault by "using" a deadly weapon, the indictment in appellant's
case charged appellant with committing the offense by "using or exhibiting" a deadly
weapon. Thus, proving the offense as alleged in the indictment does not require proof that
appellant "used" a deadly weapon; proof that appellant "exhibited" a deadly weapon in the
commission of the offense would suffice. The difference is dispositive, as it does not
necessarily follow that the danger of serious bodily injury is established when a deadly
weapon is "exhibited" in the commission of the offense as opposed to being "used." 
Therefore, under the circumstances of this case, deadly conduct is not a lesser-included
offense of aggravated assault as charged because the statutory elements of deadly
conduct would not necessarily be established by proof of the same or less than all the
facts required to establish the commission of the offense charged. The trial court,
therefore, did not commit error in refusing to charge the jury on deadly conduct as a lesser-included charge. Appellant's second issue is overruled. 

CONCLUSION 

 Having overruled both of appellant's issues, we affirm the judgment of the trial court. 
 

 Phil Johnson

 Justice

 

Publish. 
1. As it turned out, the pickup was stolen.
2. Further references to a provision of the Code of Criminal Procedure will be by
reference to "CCP art. _."
3. Further reference to a provision of the Penal Code will be by reference to "PC §_."