NO. 07-02-0522-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 23, 2002



______________________________




EX PARTE ALBERT NICHOLAS BRANN




_________________________________




Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)


 Joseph Dale Robertson filed an "Application For The Most Extraordinary Writ of
Habeas Corpus" on behalf of Albert Nicholas Brann seeking to secure Brann's release
from confinement resulting from his conviction for burglary of a habitation. We dismiss the
petition for want of jurisdiction.

 This Court is obligated to determine, sua sponte, its jurisdiction in each case. 
Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994, writ denied). That
jurisdiction is established by various constitutional and statutory provisions. See, e.g.,
Tex. Const. art. 5, § 6; Tex. Gov't Code Ann. § 22.220 (Vernon 1988); Ex Parte Lewis, 663
S.W.2d 153, 154 (Tex.App.--Amarillo 1983, no pet.). 

 Article 11.05 of the Texas Code of Criminal Procedure Annotated (Vernon 1977)
lists the courts which are authorized to issue a writ of habeas corpus. Absent from that list
are the courts of appeals. Greenville v. State, 798 S.W.2d 361, 362 (Tex.App.--Beaumont
1990, no pet.). This Court's habeas corpus jurisdiction in criminal matters is appellate
only. Denby v. State, 627 S.W.2d 435 (Tex.App.--Houston [1st Dist.] 1981, original
proceeding), cert. denied, 462 U.S. 1110, 103 S.Ct. 2461, 77 L.Ed.2d 1338 (1983). 

 Accordingly, the petition for writ of habeas corpus is dismissed for want of
jurisdiction.

 Don H. Reavis 

 Justice

 

 


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.