NO.  07-02-0522-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 23, 2002

_____

EX PARTE ALBERT NICHOLAS BRANN

_____

Before QUINN and REAVIS, JJ.  and BOYD, S.J.[*]

Joseph Dale Robertson filed an "Application For The Most Extraordinary Writ of Habeas Corpus" on behalf of Albert Nicholas Brann seeking to secure Brann's release from confinement resulting from his conviction for burglary of a habitation.  We dismiss the petition for want of jurisdiction.

This Court is obligated to determine, *sua sponte*, its jurisdiction in each case. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994, writ denied).  That jurisdiction is established by various constitutional and statutory provisions.  *See*, *e.g.*,

_____

[*]John T.  Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Tex. Const. art. 5, § 6; Tex. Gov't Code Ann. § 22.220 (Vernon 1988); Ex Parte Lewis, 663 S.W.2d 153, 154 (Tex.App.--Amarillo 1983, no pet.).

Article 11.05 of the Texas Code of Criminal Procedure Annotated (Vernon 1977) lists the courts which are authorized to issue a writ of habeas corpus. Absent from that list are the courts of appeals. Greenville v. State, 798 S.W.2d 361, 362 (Tex.App.--Beaumont 1990, no pet.). This Court's habeas corpus jurisdiction in criminal matters is appellate only. Denby v. State, 627 S.W.2d 435 (Tex.App.--Houston [1st Dist.] 1981, original proceeding), *cert. denied*, 462 U.S. 1110, 103 S.Ct. 2461, 77 L.Ed.2d 1338 (1983).

Accordingly, the petition for writ of habeas corpus is dismissed for want of jurisdiction.

Don H. Reavis
Justice

Do not publish.