NO. 07-02-0454-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 15, 2003



______________________________




KAREN SNOW, APPELLANT



V.



RICHARD ROSEN, M.D., SWAT SURGICAL ASSOCIATES


AND DAVID HAYMES, JR., M.D., APPELLEES




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-512,239; HONORABLE BLAIR CHERRY, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ABATEMENT


 Appellant Karen Snow timely appealed the trial court's order granting appellee
David Haymes, Jr., M.D.'s motion for summary judgment and order granting the motion to
dismiss of appellees Richard Rosen, M.D. and SWAT Surgical Associates. Both the
clerk's record and reporter's record have been filed. On April 24, 2003, appellant filed a
notice of bankruptcy requesting that the appeal be suspended pursuant to Rule 8.2 of the
Texas Rules of Appellate Procedure. Attached to the motion is a copy of the voluntary
petition in bankruptcy filed by Snow on October 3, 2002. Pursuant to 11 U.S.C. § 362, any
further action in this appeal is automatically stayed.

 Thus, for administrative purposes, this appeal is removed from the docket and
abated. Any documents filed subsequent to the bankruptcy petition will remain pending
until the appeal is reinstated. The appeal will be reinstated upon proper showing the stay
has been lifted and a request for specific action by this Court.

 Accordingly, the appeal is abated.

 Per Curiam




 . ." 
So too does he castigate this body for "ignoring" his motions to 1) recuse the judge of the
county court at law from a proceeding that does not pend before him and 2) to order that
same judge to show cause why he should not be held in contempt.

 A court of appeals only has the jurisdiction provided to it by law. Ex parte Lewis,
663 S.W.2d 153, 154 (Tex. App.--Amarillo 1983, no writ) (holding that the jurisdiction of
the Court of Appeals is established by various constitutional and statutory provisions). 
Pursuant to statute, the appellate courts for the Amarillo Municipal Court of record are the
county courts at law in Potter and Randall Counties. Tex. Gov't Code Ann. §30.00931
(Vernon Supp. 2002). No authority grants us the right to hear a direct appeal from a
conviction by the Amarillo Municipal Court. Therefore, to the extent that Scheidt is
attempting to appeal directly to us from that court, his appeal is dismissed for want of
jurisdiction. To the extent that Scheidt is challenging the dismissal of his appeal by the
Randall County Court at Law for want of jurisdiction, we have jurisdiction of that matter. 

 Also pending before us are two motions of Scheidt. Through the first, he asks that
we recuse the Randall County Court at Law judge, and, through the second, that we hold
the same judge in contempt for purportedly violating our abatement order of September
12, 2002. Scheidt provides no legal authority to support his proposition that an appellate
court may order the recusal of a county court at law judge through a proceeding other than
mandamus. Nor have we found any authority that enables us to recuse a trial judge from
a case that does not pend before him. Consequently, the motion to recuse is overruled. 

 Regarding the motion to show cause, we reviewed the record of the proceeding held
by the county court at law per our abatement order. The transcript of the abatement
hearing illustrates that the trial court held the hearing as directed. Nothing appears of
record from which one could reasonably infer that our abatement order was violated by the
county court at law. Nor does Scheidt assert (other than by a general, factually absent
conclusion) what the trial court should have done but failed to do to avoid purportedly
violating our abatement order. Accordingly, we deny that motion as well.

 Finally, we admonish Scheidt to comply with the rules of appellate procedure in
prosecuting this appeal. See Kindley v. State, 879 S.W.2d 261, 264 (Tex. App.--Houston
[14th Dist.] 1994, no pet.) (holding that individuals acting pro se on appeal must comply with
the applicable rules of appellate procedure). Furthermore, we recognize that advocates
of a position must advocate their position zealously. Yet, briefs, motions, or other
documents tendered to this court which contain slanderous, deceitful, disrespectful,
factually baseless, or uncivil comments or accusations or which are of such tone will be
struck and returned. And, the continuation of such conduct will result in the implementation
of other appropriate sanctions, including the dismissal of the appeal.

 Per Curiam

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann.
§75.002(a)(1) (Vernon Supp. 2002).