NO. 07-03-0344-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 3, 2003


______________________________



PATRICK LEE MULLINS




 Appellant


v.



GIB LEWIS EXTENSION CELL BLOCK, ET AL.




 Appellees

_________________________________



FROM THE 1-A DISTRICT COURT OF TYLER COUNTY;



NO. 18,549; HON. MONTE D. LAWLIS, PRESIDING


_______________________________



MEMORANDUM OPINION


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Appellant Patrick Lee Mullins filed a notice of appeal on July 3, 2003. However, he
did not pay the $125 filing fee required from appellants under Texas Rule of Appellate
Procedure 5. Nor did he file an affidavit of indigence per Texas Rule of Appellate
Procedure 20.1. By letter from this Court dated August 19, 2003, we informed appellant
that "[u]nless the filing fee in the amount of $125.00 is paid by Monday, September 01,
2003, the appeal will be subject to dismissal." Tex. R. App. P. 42.3(c); see Holt v. F. F.
Enterprises, 990 S.W.2d 756 (Tex. App.--Amarillo 1998, pet. ref'd). The deadline lapsed,
and the fee was not received. Instead, Mullins sent a letter explaining that he proceeded
as an indigent in the trial court and did not believe he had to again illustrate his purported
indigence on appeal. Accompanying his missive was neither a motion for leave to file a
belated affidavit of indigency or an affidavit of indigency as contemplated by Rule 20.1(b)
of the appellate rules. 

 That an appellant illustrated himself to be an indigent at trial does not ipso facto
entitle him to the same status on appeal. He must again prove that he lacks the economic
means to pay applicable court costs. Holt v. F. F. Enterprises, 990 S.W.2d at 758-59. 
Mullins did not do this on or before filing his notice of appeal, as mandated by rule of
procedure. Tex. R. App. P. 20.1(c)(1). Nor did he move the court for an extension of the
deadline per appellate rule 20.1(c)(3) or present evidence of his alleged status as a
pauper at any time after filing his notice of appeal. Thus, he has not shown himself
entitled to proceed as an indigent. 

 Because Mullins has failed to pay the requisite filing fee as directed by the court,
we dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.3(c). 

 

 Per Curiam

 

 



 sans-serif">          Article 11.05 of the Texas Code of Criminal Procedure Annotated (Vernon 2005)
lists the courts which are authorized to issue a writ of habeas corpus stemming from a
criminal proceeding. Absent from that list are the courts of appeals. Greenville v. State,
798 S.W.2d 361, 362 (Tex.App.–Beaumont 1990, no pet.). This Court’s habeas corpus
jurisdiction in criminal matters is appellate only. Denby v. State, 627 W.W.2d 435
(Tex.App.–Houston [1st Dist.] 1981, original proceeding), cert denied, 462 U.S. 1110, 103
S.Ct. 2461, 77 L.Ed.2d 1338 (1983). Thus, we have no jurisdiction to entertain Relator’s
petition. 
          Accordingly, Relator’s Petition for Writ of Habeas Corpus is dismissed for want of
jurisdiction.
 
                                                                           Per Curiam