NO. 07-06-0440-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 16, 2006

______________________________

IN RE JEFF NELSON, RELATOR

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Relator Jeff Nelson, an inmate proceeding pro se, has filed a quarter-page handwritten note which purports to be an application for writ of habeas corpus.  Although relator provides very limited information, he maintains his sentence is illegal.  Therefore, we will construe his filing as an application for writ of habeas corpus.  Having considered the same, we must dismiss for want of jurisdiction.

This Court is obligated to determine, 
sua sponte
, its jurisdiction in each case.
  Welch v. McDougal
, 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994, writ denied).  That jurisdiction is established by various constitutional and statutory provisions.  
See
,
 e.g.
, 
Tex
. 
Const
. art. 5, § 6; Tex. Gov't Code Ann. § 22.220 (Vernon 2004); 
Ex Parte Lewis
, 663 S.W.2d 153, 154 (Tex.App.--Amarillo 1983, no pet.).   

Article 11.05 of the Texas Code of Criminal Procedure Annotated (Vernon 2005) lists the courts which are authorized to issue writs of habeas corpus.  Absent from that list are the courts of appeals.  
Greenville v. State
, 798 S.W.2d 361, 362 (Tex.App.--Beaumont 1990, no pet.).  This Court's habeas corpus jurisdiction in criminal matters is appellate only.  
Denby v. State
, 627 S.W.2d 435 (Tex.App.--Houston [1st Dist.] 1981, orig. proceeding), 
cert. denied
, 462 U.S. 1110, 103 S.Ct. 2461, 77 L.Ed.2d 1338 (1983). 

Consequently, 
this Court has no original jurisdiction to consider relator's application for writ of habeas corpus and we must dismiss for want of jurisdiction.

Patrick A. Pirtle

      Justice

Do not publish.
Vernon 2003).  The trial court found that the evidence substantiated appellant’s guilt, accepted the guilty plea, found appellant guilty, and sentenced her to confinement for two years in a state jail facility and assessed a fine of $2,000.  The confinement portion of the sentence was suspended and appellant was placed on community supervision.

The appeal now before us arises from the State’s third motion to revoke appellant’s community supervision.  The first two motions to revoke resulted in findings that appellant violated conditions of her probation following her pleas of “true” to at least some of the allegations in the motions.  Appellant also pled “true” to certain violations alleged as the basis for the third motion.  The trial court again found that appellant violated terms of her probation.  Her community supervision was revoked, and she was ordered to serve the two-year confinement portion of her sentence.  

Appointed counsel for 
appellant has filed a Motion to Withdraw and a Brief in Support thereof.  In 
support of the motion to withdraw, counsel has certified that, in compliance with 
Anders v. California
, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that, in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated.  Counsel thus concludes that the appeal is frivolous.  Counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court proceedings or judgment. 
See
 
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached exhibits showing that a copy of the 
Anders
 brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant’s right to review the record and file a 
pro se
 response to counsel’s motion and brief.  Appellant did not file a response. 

We have made an independent examination of the record to determine whether there are any arguable grounds for appeal.  
See
 
Penson v. Ohio
, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); 
Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such grounds.  We agree that the appeal is frivolous.

Accordingly, counsel’s Motion to Withdraw is granted.  The judgment of the trial court is affirmed.

Phil Johnson

Chief Justice

Do not publish.