NO. 07-06-0440-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 16, 2006

_____

IN RE JEFF NELSON, RELATOR

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator Jeff Nelson, an inmate proceeding pro se, has filed a quarter-page handwritten note which purports to be an application for writ of habeas corpus. Although relator provides very limited information, he maintains his sentence is illegal. Therefore, we will construe his filing as an application for writ of habeas corpus. Having considered the same, we must dismiss for want of jurisdiction.

This Court is obligated to determine, *sua sponte*, its jurisdiction in each case. *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994, writ denied). That jurisdiction is established by various constitutional and statutory provisions. *See, e.g.*, TEX.

CONST. art. 5, § 6; Tex. Gov't Code Ann. § 22.220 (Vernon 2004); *Ex Parte Lewis*, 663 S.W.2d 153, 154 (Tex.App.--Amarillo 1983, no pet.).

Article 11.05 of the Texas Code of Criminal Procedure Annotated (Vernon 2005) lists the courts which are authorized to issue writs of habeas corpus. Absent from that list are the courts of appeals. *Greenville v. State*, 798 S.W.2d 361, 362 (Tex.App.--Beaumont 1990, no pet.). This Court's habeas corpus jurisdiction in criminal matters is appellate only. *Denby v. State*, 627 S.W.2d 435 (Tex.App.--Houston [1st Dist.] 1981, orig. proceeding), *cert. denied*, 462 U.S. 1110, 103 S.Ct. 2461, 77 L.Ed.2d 1338 (1983).

Consequently, this Court has no original jurisdiction to consider relator's application for writ of habeas corpus and we must dismiss for want of jurisdiction.

Patrick A. Pirtle
Justice

Do not publish.