NO. 07-08-0104-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 6, 2008

_____

EX PARTE ROBERTO RUBIO MONTENEGRO

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

By this original proceeding, Roberto Rubio Montenegro seeks permission to proceed in filing a second writ of habeas corpus pursuant to article 11.59 of the Texas Code of Criminal Procedure due to newly discovered evidence.[1] We dismiss for want of jurisdiction.

Montenegro's motion to file a second writ is based on his assertion that the sentence he received for driving while intoxicated, third offense or more, was unauthorized by law. Montenegro concludes by praying that his motion be granted or alternatively, that he be released from illegal confinement.

---

[1]Although Montenegro's document is titled "Notice of Appeal," the substance of the document expresses an intent to seek extraordinary relief.

Article 11.05 of the Texas Code of Criminal Procedure lists the courts which are authorized to issue writs of habeas corpus. Absent from that list are courts of appeals. *See Watson v. State*, 96 S.W.3d 497, 500 (Tex.App.–Amarillo 2002, pet. ref'd); *Greenville v. State*, 798 S.W.2d 361, 362 (Tex.App.–Beaumont 1990, no pet.). This Court's habeas corpus jurisdiction in criminal matters is appellate only. *Denby v. State*, 627 S.W.2d 435 (Tex.App.--Houston [1st Dist.] 1981, orig. proceeding), *cert. denied*, 462 U.S. 1110, 103 S.Ct. 2461, 77 L.Ed.2d 1338 (1983).

Article 11.59 does not prohibit a trial court from entertaining a motion for a second application for a writ of habeas corpus. *See Ex parte Vance*, 608 S.W.2d 681, 682 (Tex.Crim.App. 1980).

Consequently, this Court has no authority to consider the relief sought by Montenegro and we dismiss this proceeding for want of jurisdiction.

Patrick A. Pirtle<br>
Justice