NO. 07-08-0195-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 6, 2008

_____

IN RE JESSE BLAKE WELTY, RELATOR
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19,358-B; HONORABLE JOHN B. BOARD, JUDGE

_____

**MEMORANDUM OPINION**

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

By this original proceeding Relator, Jesse Blake Welty, seeks to be released from his present confinement in the Randall County Jail. On January 24, 2008, Relator was held in "contempt" for violation of a condition of the appearance bond he filed in the underlying criminal case, and he was ordered into custody for a term of ten days. On May 5, 2008, Relator filed his *Petition for Writ of Habeas Corpus.* We dismiss for want of jurisdiction.

This Court is obligated to determine, *sua sponte*, its jurisdiction in each case. *Welch v. McDougal,* 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied). That jurisdiction is established by various constitutional and statutory provisions. *Ex Parte Lewis,* 663 S.W.2d 153, 154 (Tex.App.–Amarillo 1983, no pet.). The Texas Constitution grants this Court original jurisdiction only where specifically prescribed by law. Tex. Const. art. 5, § 6.

Relator purports to invoke the jurisdiction of this Court pursuant to § 22.221(d) of the Texas Government Code, which provides that the court of appeals, or a justice of the court of appeals, "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a *civil* case." Tex. Gov't Code Ann. § 22.221 (Vernon 2004) (emphasis added). As such, that provision does not grant this Court original jurisdiction to issue a writ of habeas corpus in a criminal proceeding. *Ex Parte Hawkins,* 885 S.W.2d 586, 588 (Tex.App.–El Paso 1994, no pet.).

Article 11.05 of the Texas Code of Criminal Procedure Annotated (Vernon 2005) lists the courts which are authorized to issue a writ of habeas corpus stemming from a criminal proceeding. Absent from that list are the courts of appeals. *Greenville v. State,* 798 S.W.2d 361, 362 (Tex.App.–Beaumont 1990, no pet.). This Court's habeas corpus jurisdiction in criminal matters is appellate only. *Denby v. State*, 627 W.W.2d 435 (Tex.App.–Houston [1st Dist.] 1981, original proceeding), *cert denied,* 462 U.S. 1110, 103

S.Ct. 2461, 77 L.Ed.2d 1338 (1983). Thus, we have no jurisdiction to entertain Relator's petition.

Accordingly, Relator's *Petition for Writ of Habeas Corpus* is dismissed for want of jurisdiction.


Per Curiam