

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-09-00050-CR
_____

## IN RE:  CHARLES DOUGLAS LAND

Original Habeas Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Charles Douglas Land has filed an original application seeking issuance of a writ of habeas corpus. He currently has a direct appeal pending in this Court from the conviction which resulted in his incarceration.

Individuals who are confined unlawfully in Texas may seek habeas relief pre-trial, or a post-conviction collateral attack from courts as specified by legislative fiat. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008), arts. 11.08, 11.09 (Vernon 2005). This meets neither criteria, but was brought as an original proceeding with this Court.

Texas courts of appeals do not have original jurisdiction over applications for habeas relief in connection with criminal proceedings. *See Queen v. State*, 212 S.W.3d 619, 623 (Tex. App.—Austin 2006, no pet.); *Ex parte Martinez*, 175 S.W.3d 510, 512–13 (Tex. App.—Texarkana 2005, orig. proceeding); *Ashorn v. State*, 77 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding); *Ex parte Lewis*, 663 S.W.2d 153, 154 (Tex. App.—Amarillo 1983, orig. proceeding);[1] Sara Rodriguez, *Appellate Review of Pretrial Requests for Habeas Corpus Relief in Texas*, 32 TEX. TECH L. REV. 45 (2000).

---

[1]We do, however, have limited jurisdiction to hear habeas proceedings when the person is restrained as a result of violating an order, judgment, or decree in a civil case. TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004).

We have no jurisdiction to consider this application. We, therefore, dismiss the application for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     February 25, 2009
Date Decided:      February 26, 2009

Do Not Publish

3