

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00429-CV

EX PARTE BRANDON JAMES MONROE

ORIGINAL PROCEEDING

February 18, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

On December 11, 2014, relator, Brandon James Monroe, proceeding *pro se*, filed a petition for writ of habeas corpus with this Court. By this petition, Monroe contends that he has been held in the Ector County Law Enforcement Center since January 9, 2014, but he has not been tried nor has an indictment been entered against him. Monroe's petition does not cite to any legal authority giving this Court authority over such a writ. By letter dated January 16, 2015, this Court requested a response to Monroe's petition. The Ector County District Attorney's Office filed a response with this Court on January 26, 2015. By this response, the State contends that this Court does not have jurisdiction to grant relief by habeas corpus in this matter.

A court of appeals is required to determine its own jurisdiction in each case. *Ex parte Lewis*, 663 S.W.2d 153, 154 (Tex. App.—Amarillo 1983, orig. proceeding). Section 22.221 of the Texas Government Code authorizes this Court to exercise limited writ power. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004);[1] *Ex parte Hawkins*, 885 S.W.2d 586, 587-88 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). Our authority to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. *Ex parte Hawkins*, 885 S.W.2d at 588. This Court does not have original habeas corpus jurisdiction in criminal law matters. *Id*. (citing *Ex parte Lewis*, 663 S.W.2d at 154). As such, we can take no other action than to dismiss Monroe's petition for writ of habeas corpus.[2]

For the foregoing reasons, Monroe's petition for writ of habeas corpus is dismissed.

Mackey K. Hancock
Justice

---

[1] As pertinent to this original proceeding, section 22.221(d) provides:

Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge *because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case.*

*Id.* (emphasis added).

[2] The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue writs of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005). If Monroe desires to pursue habeas corpus relief, he is advised to file his petition in a court that possesses jurisdiction to issue such writs.