

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-25-00060-CV |
| IN RE | § | |
| | | AN ORIGINAL PROCEEDING |
| LANCE DAVIS | § | |
| | | IN MANDAMUS |
| Relator. | § | |

## **MEMORANDUM OPINION**

On February 5, 2025, Relator Lance Davis filed a petition for writ of mandamus requesting this Court instruct the district judge of the United State District Court for the Western District of Texas (El Paso Division), in cause number EP24CV0105, to rule on a pending motion to dismiss. This is Davis's second petition in this Court in which he advances the same request. Very recently, on January 31, 2025, he filed a nearly identical petition for writ of mandamus in which he sought the same relief. We dismissed that earlier petition after concluding we lacked subject matter jurisdiction over a mandamus petition directed to a federal judge. *See In re Davis*, No. 08-25-00058-CV, 2025 WL 396700, at *1 (Tex. App.—El Paso Feb. 4, 2025, no pet. h.) (mem. op.).

In this latest petition, Davis merely alters the certificate of service; but otherwise, he seeks the same relief as he did before. We reiterate here that this Court may only issue a writ of

mandamus if it has authority to do so. *See In re Murphy*, No. 08-02-00172-CR, 2002 WL 1729945, at *1 (Tex. App.—El Paso July 25, 2002, no pet.) (citing *Greenville v. State*, 798 S.W.2d 361, 362–63 (Tex. App.—Beaumont 1990, no pet.)). A State court—like this Court—has no writ authority over a federal judge nor jurisdiction over a federal court. *See* Tex. Gov't Code Ann. § 22.221; *In re Murphy*, No. 08-02-00172-CR, 2002 WL 1729945 (providing that state courts lack jurisdiction over federal courts); *In re Luevano*, No. 01-13-00455-CR, 2013 WL 3243394, at *1 (Tex. App.—Houston [1st Dist.] June 25, 2013, no pet.) (mem. op.) (same). Rather, Texas courts of appeals may only issue writs of mandamus, "agreeable to the principles of law regulating those writs, against a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district." *See* Tex. Gov't Code Ann. § 22.221(b). In this proceeding, we conclude as we did before, that nothing in the law allows for this Court to effectuate the relief sought by Davis.

For this reason, we dismiss this petition for writ of mandamus for lack of subject matter jurisdiction. All pending motions are denied as moot. We discourage Davis from filing another petition in this Court—on this same issue—and we place him on notice that any further filing of a similar nature is subject to potential outright rejection or to an immediate dismissal for lack of jurisdiction once filed.

GINA M. PALAFOX, Justice

February 14, 2025

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.